RUBIN v. GALLAGHER.

1. Sales—Title-Retaining Contract—Ohio—Refund on Repossession—Pianos.

The stipulation in a title-retaining contract under which plaintiff purchased pianos, providing that it was to be construed according to Ohio statutes, created a substantive right in favor of the vendee where under the Ohio law the vendee had a valuable property right to a sum of money in case of repossession of the pianos by the vendor (Ohio Gen. Code, § 8570).

2. Same—Ohio—Refund on Repossession—Substantive Law.

Under title-retaining contract for sale of pianos which provided

As to which law governs validity of contract, see Restatement, Conflict of Laws, § 332; extent of contractual obligations, see Restatement, Conflict of Laws, § 346; procedure, see Restatement, Conflict of Laws, § 585.

it was to be construed according to the laws of Ohio, how vendee would assert right to refund in case vendor sought repossession in Ohio would depend upon Ohio law but procedure and remedy for the enforcement of such substantive right in Michigan are governed by laws of Michigan (Ohio Gen. Code, § 8570).

3. CONFLICT OF LAWS—CONTRACTS.

In case of contract, a foreign law may, by the act and will of the parties, have become part of their agreement; and, in enforcing this, the law of the forum may find it necessary to give effect to the foreign law, which, without such adoption, would have no force beyond its own territory.

4. CONTRACTS—REMEDY ON FOREIGN CONTRACTS.

In action in this State on a foreign contract, the remedy available to the plaintiff is the remedy afforded by the laws of this State.

5. SAME—CONSTRUCTION OF CONTRACT—REMEDY.

The validity and construction of a contract are controlled and to be determined by the laws of the *situs*, or place where the contract was entered into; while the remedy for enforcing a foreign contract is regulated by the laws of the forum, or place where such remedy is pursued.

6. REPLEVIN—SET-OFFS.

In Michigan a set-off cannot be asserted in replevin proceedings.

7. JUDGMENT—RES JUDICATA—REPLEVIN—ACTION FOR REFUND.

Vendee's assignee under title-retaining contract for sale of pianos which provided it was to be construed in accordance with Ohio laws which provided for right to refund in case vendor repossessed goods sold, who failed to assert such right in replevin proceedings brought by vendor's assignee in Michigan, was not precluded, under doctrine of *res judicata*, from bringing action at law to recover amount of such refund.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 3, 1940. (Docket No. 33, Calendar No. 40,970.) Decided June 5, 1940. Rehearing denied September 6, 1940.

Action by Melba Rubin, trustee for Selma Ames, against John J. Gallagher for 50 per cent. of the amount paid under a conditional sales contract after

repossession of merchandise. Judgment for plaintiff. Defendant appeals. Affirmed.

*Samuel H. Rubin* and *Alan J. Stone* (*Melba Rubin,* of counsel), for plaintiff.

*Dennis Boyle,* for defendant.

*Grosner & Burak, amici curiae.*

McALLISTER, J. The Baldwin Piano Company of Ohio sold a number of pianos to a music school in Detroit on title-retaining contract in which it was expressly provided that "this contract shall be construed in accordance with the laws of the State of Ohio." Defendant is assignee of the vendor, and plaintiff succeeded to the rights of vendee. On default of payment, defendant brought replevin in Detroit and secured possession of the pianos.

Under the laws of the State of Ohio, it is provided by the General Code, § 8570, as follows:

"When such property (personal property) except machinery equipment and supplies for railroads and contractors, for manufacturing brick, cement and tiling, and for quarrying and mining purposes, is so sold or leased, rented, hired or delivered, the person who sold, leased, rented, hired, delivered or his assigns or the agent or servant of either or their agent or servant shall not take possession of such property, without tendering or refunding to the purchaser, lessee, renter, or hirer thereof or any party receiving it from the vendor, the money so paid after deducting therefrom a reasonable compensation for the use of such property, which in no case shall exceed 50 per cent. of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in the contract or not, unless such property has been broken, or actually damaged,

when a reasonable compensation for such breakage or damage shall be allowed. But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds 25 per cent. of the contract price of the property."

After repossession under replevin by defendant, plaintiff brought suit to recover 50 per cent. of the amount which had been paid upon contract. In circuit court she received a judgment for the amount claimed; and defendant appeals.

It is contended by appellant that principles governing the conflict of laws between different jurisdictions are herein applicable, for the reason that plaintiff's rights under the Ohio statute are only remedial; and that the contract providing that such rights be construed according to the laws of Ohio precludes this court from affording remedies under the laws of this State. In regard to this contention, we agree with the trial court that the stipulation in the contract providing that it was to be construed according to the Ohio statutes created a substantive right in favor of the vendee. According to such statutes, plaintiff had a valuable property right to a sum of money in case of repossession of the pianos by defendant. How she would assert such right in Ohio would depend upon Ohio law. But the procedure and remedy for the enforcement of such substantive rights in Michigan are governed by the laws of this State.

"In case of contract, the foreign law may, by the act and will of the parties, have become part of their agreement; and, in enforcing this, the law of the forum may find it necessary to give effect to a foreign law, which, without such adoption, would have no force beyond its own territory.

"This, upon the principle of comity, for the purpose of promoting and facilitating international in-

tercourse, and within limits fixed by its own public policy, a civilized State is accustomed and considers itself bound to do; but, in doing so, nevertheless adheres to its own system of formal judicial procedure and remedies. And thus the distinction is at once established between the law of the contract, which may be foreign, and the law of the procedure and remedy, which must be domestic and local." *Pritchard* v. *Norton,* 106 U. S. 124, 129 (1 Sup. Ct. 102).

In an action in this State on a foreign contract, the remedy available to the plaintiff is the remedy afforded by the laws of Michigan. *Walton School of Commerce* v. *Stroud,* 248 Mich. 85. The validity and construction of a contract are controlled and to be determined by the laws of the *situs,* or place where the contract was entered into; while the remedy for enforcing a foreign contract is regulated by the laws of the forum, or place where such remedy is pursued. *Millar* v. *Hilton,* 189 Mich. 635.

It is further claimed that the judgments in the replevin suits are *res judicata* and prevent plaintiff from now claiming the refund. It is contended that the action of replevin would not lie until repayment of the required amount by the vendor, or tender thereof; and that plaintiff, having this defense and failing to assert it, is now precluded from suing to recover such amount. In this State there can be no set-off asserted in replevin proceedings. *Pinch* v. *Willard,* 108 Mich. 204. While the contract provisions are to be construed in the light of the Ohio statute, the enforcement of rights thereunder is according to the laws of this State. Plaintiff might have defended on the ground that the parties had agreed, according to the Ohio law, that no action of replevin would lie until the required payment. But this would only have been a defense to the possessory action and could not be set off in replevin. The fact that she

did not insist upon a defense to the action of repossession does not prevent her under the rule of *res judicata* from now asserting a substantive right provided by contract.

Under a Missouri statute providing that a seller in a conditional sale shall not take possession of the property without tendering or refunding to the buyer the sums paid, after deducting reasonable compensation for the use of the property, not exceeding 25 per cent. of the amount paid, it was held that a judgment for the seller in replevin did not bar the buyer's right to sue for 75 per cent. of the amount paid, since the statute created an independent right of action in the buyer which he was not required to set up as a defense to the replevin suit. *Urquhart* v. *Sears, Roebuck & Co.,* 207 Mo. App. 627 (227 S. W. 881).

The judgment in replevin would not bar plaintiff from establishing her claim in an action of law.

Judgment affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.