DURFY v KELLOGG

Docket No. 128222. Submitted December 4, 1991, at Detroit. Decided
    March 2, 1992, at 9:00 A.M.

Mary M. Durfy brought an action in the Macomb Circuit Court
    against John H. Kellogg, seeking damages for injuries received
    in an automobile accident. A summons was issued on the day
    the complaint was filed. Three weeks later, the plaintiff filed an
    amended complaint and the court clerk issued a new summons
    with an expiration date three weeks after the expiration date
    of the original summons. After the date the original summons
    would have expired, but before the expiration date listed on the
    second summons, the plaintiff obtained an extension of the
    summons from the court, Kathleen Jansen, J., resulting in the
    issuance of a third summons, under which service of process
    was obtained. The court, Deborah A. Servitto, J., thereafter
    granted the defendant's motion for accelerated judgment, citing
    the failure to obtain service before the expiration of the origi-
    nal summons and the failure to obtain an extension of the
    summons before the date the original summons would have
    expired. The plaintiff appealed.

The Court of Appeals *held:*

1. At all times relevant to this action, MCR 2.102(D) provided
    that a summons expired 182 days after the date the complaint
    was filed. The court clerk erred in issuing the second summons
    with an expiration date different from that of the original
    summons.

2. MCR 2.102(D), while authorizing a judge to order the
    issuance of a new, extended summons, requires that it be done
    within the life of the original summons, i.e., within 182 days
    after the filing of the original complaint. In this case, the
    extension was not obtained until more than 182 days after the
    filing of the original complaint, and, therefore, the trial judge
    no longer possessed authority under the court rule to order an
    extension of the summons. The third summons was invalid.

3. The plaintiff did not meet the requirements for reinstate-

REFERENCES

Am Jur 2d, Process §§ 114, 117, 119, 135.

See the Index to Annotations under Process and Service of Process
    and Papers.

ment of the action pursuant to MCR 2.102(F). Therefore, the trial court did not have the discretion to grant reinstatement under that rule.

Affirmed.

PROCESS — SUMMONS — EXPIRATION — EXTENSION.

The period within which a summons must be served begins on the date of the filing of the original complaint, and that period is not altered by the filing of an amended complaint; if an extension of the period is desired, it must be sought before the expiration date of the original summons (MCR 2.102[D]).

*Guastello & Dloski* (by *Lawrence W. Dloski* and *Mark D. Scully*), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Kevin S. Carden*) (*John A. Lydick*, of Counsel), for the defendant.

Before: SAWYER, P.J., and GILLIS and MARILYN KELLY, JJ.

SAWYER, P.J. Plaintiff appeals from an order of the circuit court dismissing her action for failure to effect service before the expiration of the summons.[1] We affirm.

Plaintiff brought this action against defendant as a result of a motor vehicle accident in which plaintiff allegedly sustained injuries. The complaint was filed five days before the expiration of the period of limitation, and a summons was issued on that day. Three weeks later, plaintiff filed an amended complaint, correcting minor errors in the complaint. A new summons was issued at that time stating a new expiration date that was calculated from the filing of the amended complaint

[1] Although the dismissal was without prejudice, MCR 2.102(E)(1), plaintiff is apparently precluded from instituting a new action because of the expiration of the period of limitation. However, we should note that the question whether a new action by plaintiff would be precluded by the statute of limitations is not before us.

rather than from the filing of the original complaint. Plaintiff did not obtain service on defendant quickly and, after the date when the original summons would have expired, but before the expiration date listed on the second summons, plaintiff obtained an extension of the summons from the court. Plaintiff effectuated service on defendant before the expiration of that third summons. Defendant thereafter successfully obtained a dismissal of the action on the basis of the failure to obtain service before the expiration of the original summons and the failure to obtain an extension of the summons before the date the original summons would have expired.

The question before us is whether the third summons was invalid because it was not obtained until after the expiration of the original summons or whether plaintiff had until the expiration of the second summons to obtain the third summons with the extended expiration date. We agree with the trial court that plaintiff was obligated to obtain the extension on the life of the summons before the date the original summons would have expired.

This case appears to present a question of first impression. However, it may be resolved easily by reference to the court rules. At the time of the filing of plaintiff's complaint, MCR 2.102(D) provided that a summons expired 182 days after the date the complaint was filed.[2] The court, however, may order that a second summons be issued for a definite period not exceeding one year from the date the complaint is filed. *Id.* No provision is made for extending the life of a summons merely because of the filing of an amended complaint. Indeed, such a rule would essentially vitiate the

_____

[2] The court rule has subsequently been amended to provide that summonses expire after ninety-one days.

time limit on the life of a summons because a party could automatically obtain an extension merely by filing an amended complaint.

In any event, MCR 2.102(D) makes it clear that the summons expired 182 days after plaintiff filed her complaint. The fact that a renewed summons was issued upon the filing of the amended complaint[3] did not authorize an extension of the time for service of process. MCR 2.102(D) made it clear that the summons had to expire 182 days from the filing of the original complaint, not from the filing of the amended complaint. Accordingly, the court clerk erred in issuing the second summons with an expiration date different from that of the original summons. It is true that MCR 2.102(D) authorizes the judge to whom the action is assigned to order the issuance of a new summons with an expiration date of up to one year from the filing of the complaint, but that has not occurred in this case. The second summons, with an expiration date approximately three weeks after the expiration date of the original summons, was issued by the court clerk, not upon order of the court under MCR 2.102(D) as an extension of the life of the original summons. The court clerk has no authority to extend the life of the summons.

Plaintiff did, however, obtain an extension of the life of the summons resulting in the issuance of the third summons, under which service of process was obtained. However, MCR 2.102(D), while authorizing the judge to order the issuance of a new, extended summons, requires that it be done within the life of the original summons, that is, within 182 days after the filing of the original complaint in this case. The extension was not obtained until more than 182 days after the filing of the com-

---

[3] A new summons was required because of an error in naming plaintiff in the original complaint and summons.

plaint and, therefore, the trial judge no longer possessed authority under the court rule to order an extension of the summons. In fact, under MCR 2.102(E), the action was deemed to have been dismissed automatically when the original summons expired. See 1 Martin, Dean & Webster, Michigan Court Rules Practice, pp 65-66. Thus, the third summons was invalid because it was not issued before the expiration of the original summons.

Plaintiff also argues that the trial court should have ordered the action reinstated pursuant to MCR 2.102(F). We disagree. One of the requirements for obtaining reinstatement of an action under that court rule is a showing that service of process was in fact made on the dismissed defendant within the time provided for in subrule D. MCR 2.102(F)(1). As discussed above, service was not obtained on defendant within the time set by the court rule. Accordingly, it was not within the trial court's discretion to grant reinstatement of the action under subrule F.

In summary, a summons must expire 182 days[4] after the filing of the original complaint, unless the judge to whom the action is assigned extends the summons as provided for in MCR 2.102(D). Because service was not obtained within the life of the original summons and an extended summons was not issued within the life of the original summons, the trial court properly dismissed the action.

Affirmed. Defendant may tax costs.

---

[4] Or ninety-one days under the current version of the rule.