Murphy, J.,
(dissenting). I respectfully dissent from the majority’s opinion because the majority gives an overly strict interpretation of MCR 2.102 that is inconsistent with MCR 1.105, that reads language into the *511 court rule that does not exist, i.e., a court cannot extend a second summons, that ignores the trial court’s authority to amend process, and that is inconsistent with the intent of MCR 2.102.
This Court reviews interpretation of the court rules de novo. In re Gosnell, 234 Mich App 326, 333; 594 NW2d 90 (1999). This Court also reviews de novo a trial court’s ruling on a motion for summary disposition. Spiek v Dep’t of Transportation, 456 Mich 331, 337; 572 NW2d 201 (1998).
When the trial court rules on a motion brought under MCR 2.116(C)(2), the court must consider the pleadings, affidavits, and other documentary evidence submitted by the parties. MCR 2.116(G)(5); Richards v McNamee, 240 Mich App 444, 448; 613 NW2d 366 (2000).
I first note the relevant court rule provisions. MCR 2.102(A), (C), (D), and (E) provide in part:
(A) On the filing of a complaint, the court clerk shall issue a summons to be served as provided in MCR 2.103 and 2.105____
(C) At any time on terms that are just, a court may allow process or proof of service of process to be amended, unless it clearly appears that to do so would materially prejudice the substantive rights of the party against whom the process issued. An amendment relates back to the date of the original issuance or service of process unless the court determines that relation back would unfairly prejudice the party against whom the process issued.
(D) A summons expires 91 days after the date the complaint is filed. However, within that 91 days, on a showing of good cause, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. *512 If such an extension is granted, the new summons expires at the end of the extended period. . . .
(E)(1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court’s jurisdiction. [Emphasis added.]
The rules governing statutory interpretation apply equally to the inteipretation of court rules. Yudashkin v Holden, 247 Mich App 642, 649; 637 NW2d 257 (2001). If the plain and ordinary meaning of the language is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used. Id. at 649-650.
However, the court rules themselves give further direction regarding their construction. MCR 1.105 provides that “[t]hese rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties.”
MCR 2.102(D) does not specifically address whether a trial court has the authority to issue a so-called “third” summons, and I believe it unnecessary to address the issue in the context of that terminology because the underlying limit on the court’s authority to extend a summons, which is clear and unambiguous, is that a summons may not issue for a period exceeding one year from the date the complaint is filed, and because the summons at issue can be considered an extension or an amendment of the previous summons. Here, there is no dispute that the *513 summons at issue falls within the one-year time frame from the filing of the complaint.
MCR 2.102(D) references the “extension” of a summons in relation to the issuance of a second summons; therefore, the second summons is merely an extension of the original summons. Using that same verbiage, the summons at issue can simply be considered a further extension of the second summons that was requested before the second summons expired.[1]
MCR 2.102(D) does not provide that a court cannot extend a second summons. Regardless, the summons at issue could be considered, pursuant to MCR 2.102(C), as an amendment of the second summons, and the trial court had the authority to so amend at any time. The record does not reflect that an amendment of the second summons would prejudice defendant’s substantive rights.
There is no indication in the record to conclude that the trial court intended the second summons to be the final extension, or that it intended to preclude service by publication after the expiration date of the second summons. In fact, the trial court directed plaintiffs in January 1999 to spend more time trying to locate and personally serve defendant before it would even allow service by publication. When it became evident that personal service could not be effectuated, the trial court allowed plaintiffs to serve by publication, which plaintiffs promptly did.
Allowing dismissal of this action by interpreting MCR 2.102 as the majority did, where the complaint *514 was served by publication well under a year after the complaint was filed, would contravene MCR 1.105, which directs us to construe the court rules justly and in such a manner as to “avoid the consequences of error that does not affect the substantial rights of the parties.” Assuming a technical violation of the court rule through the issuance of the summons at issue, MCR 1.105 provides support that the action not be dismissed where there is no evidence that defendant’s substantive rights were prejudiced. See Rieth v Keeler, 230 Mich App 346, 350; 583 NW2d 552 (1998); see also Zantop Int’l Airlines, Inc v Eastern Airlines, 200 Mich App 344, 352; 503 NW2d 915 (1993). To the contrary, with this dismissal plaintiffs will apparently lose their cause of action pursuant to the applicable statute of limitations.
I would affirm the trial court’s ruling.

 Durfy v Kellogg, 193 Mich App 141; 483 NW2d 664 (1992), is not applicable because there the issue was whether a subsequent summons could be sought after the expiration of the preceding summons.