MORIARITY v SHIELDS

Docket No. 244160. Submitted January 15, 2004, at Lansing. Decided February 10, 2004, at 9:15 A.M.

Carolyn Moriarty filed in the Genesee Circuit Court a complaint alleging negligence by Joe Shields. A summons with an expiration date of June 10, 2002, was issued. On June 6, 2002, the plaintiff moved to extend the life of the summons. On June 10, 2002, the court, Geoffrey L. Neithercut, J., signed an order directing the court clerk to issue a second summons with an expiration date of August 9, 2002. On June 11, 2002, the court clerk filed the order and issued the second summons. After the defendant was served, he moved for the dismissal of the action, contending that the court clerk lacked authority to issue the second summons on June 11, 2002, after the original summons expired on June 10, 2002. The court dismissed the action without prejudice. The plaintiff appealed.

The Court of Appeals *held*:

MCR 2.102(D) provides that a summons expires within ninety-one days after the date the complaint is filed but that, within those ninety-one days, on a showing of good cause, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding one year from the date the complaint is filed. Under MCR 2.602(A)(2), the date on which an order is signed is the date on which it is entered. In this case, the order directing the issuance of a second summons was signed, entered, and became effective before the original summons expired, thus making the issuance of the second summons valid under MCR 2.102(D).

Reversed and remanded for further proceedings.

ACTIONS — SUMMONSES — SECOND SUMMONSES.

A second summons may be issued by a court clerk after the date the initial summons expired if the trial court has entered an order requiring the issuance of the second summons before the expiration of the initial summons (MCR 2.102[D], 2.602[A][2]).

*Sinas, Dramis, Brake, Boughton & McIntrye, P.C.* (by *Deborah A. Deprez*), for the plaintiff.

*Garan Lucow Miller, P.C.* (by *Rosalind Rochkind* and *Megan K. Cavanagh*), for the defendant.

Before: O'CONNELL, P.J., and WILDER and MURRAY, JJ.

MURRAY, J. The dispositive issue presented in this appeal is whether a second summons may be issued by a court clerk after the date the initial summons expired if the trial court has entered an order requiring the issuance of the second summons before the expiration of the initial summons. The trial court held that the court clerk could not issue the second summons, and dismissed plaintiff's cause of action pursuant to MCR 2.116(C)(2). We hold that the trial court erred in reaching this conclusion, and therefore reverse the trial court's order granting defendant's motion for summary disposition and remand for further proceedings.

### I. MATERIAL FACTS AND PROCEEDINGS

Plaintiff alleged that on March 12, 1999, she was injured when she tripped and fell over a cable that was partially hidden in a snow bank in a parking lot. The owner and operator of the parking lot, known as Central Parking, was defendant Joe Shields. On March 11, 2002, plaintiff filed a complaint alleging negligence. A summons was also issued that same day with an expiration date of June 10, 2002, ninety-one days after the date of issuance.

Plaintiff made several attempts to serve Shields. The first attempt was by certified mail, return receipt requested, at Shield's last known address, but the mail was returned as undelivered. Two different process servers then made several more attempts, but

they, too, were unsuccessful. Because of her failure to serve defendant on June 6, 2002, plaintiff moved ex parte to extend the life of the summons.

On June 10, 2002, the trial court considered the motion, and, finding good cause, signed an order directing the court clerk to issue a second summons extending the time for service of process an additional sixty days or to August 9, 2002. According to the clerk's time-stamp, the order was filed on June 11, 2002, at 2:10 P.M. A second summons was also issued that same day with an expiration date of August 9, 2002; the summons was time-stamped at 2:11 P.M.

After defendant was served, he moved for dismissal of plaintiff's cause of action under MCR 2.116(C) (2), (3), and (7). Defendant argued that the original summons expired on June 10, 2002, and that as of the end of the day on June 10, 2002, the matter was ripe for dismissal pursuant to MCR 2.102(E)(1). According to defendant, because the order to extend the summons was not filed on June 10, the original summons expired; therefore, the clerk had no authority to issue the new summons on June 11, 2002.

After hearing oral arguments, the trial court held that, under MCR 2.602(A)(2), the order was effective on the date that it was signed, June 10. However, the court further held that when an original summons expires, the court clerk loses jurisdiction to take any further action, and concluded that the clerk had no jurisdiction to issue the second summons on June 11. The court determined that the second summons was invalid, and the case was therefore dismissed without prejudice.

II. ANALYSIS

This Court reviews de novo a trial court's ruling on a motion for summary disposition brought under MCR 2.116(C)(2). *Richards v McNamee*, 240 Mich App 444, 448; 613 NW2d 366 (2000). Under MCR 2.116(C)(2), summary disposition is appropriate where the process issued in the action is insufficient. When ruling on a motion brought under MCR 2.116(C)(2), the trial court must consider the pleadings, affidavits, and other documentary evidence submitted by the parties. MCR 2.116(G)(5); *Richards, supra* at 448.

Additionally, interpretation of a court rule is a question of law that this Court reviews de novo. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002). In *Rinas v Mercer*, 259 Mich App 63; 672 NW2d 542 (2003), we set forth the rules regarding enforcement of a clear and unambiguous court rule:

> ' "When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998) [overruled in part on other grounds *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999)]. Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation." ' [*Id.* at 68, quoting *CAM Constr, supra* at 554, quoting *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000).]

As we noted at the outset of this opinion, the critical question in this case is whether the trial court's grant of an extension of the summons or the court

clerk's actual issuance of the summons is the operative act required before the expiration of the summons in order to extend the summons beyond the initial period. The answer to the question comes, of course, from the court rules.

MCR 2.102[1] states in pertinent part:

> (A) Issuance. On the filing of a complaint, the court clerk shall issue a summons to be served as provided in MCR 2.103 and 2.105.
>
> \*    \*    \*
>
> (D) Expiration. A summons expires 91 days after the date the complaint is filed. However, *within that 91 days,* on a showing of good cause, *the judge to whom the action is assigned may order a second summons to issue* for a definite period not exceeding 1 year from the date the complaint is filed. *If such an extension is granted,* the new summons expires at the end of the extended period. . . .
>
> (E) Dismissal as to Defendant Not Served.
>
> \*    \*    \*
>
> (2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction. The clerk's failure to enter a dismissal order does not continue an action deemed dismissed. [Emphasis added.]

During the proceedings below, the trial court held that the effective date of its order was the date on which it was signed, not entered. That conclusion is clearly correct, and requires little analysis. The sign-

---

[1] We note that MCR 2.102 was recently amended, effective January 1, 2004. This opinion refers to the rule in effect at the time of the trial court's decision; however, we further note that the differences in the rule are irrelevant to the analysis of this opinion.

ing and entry of an order were traditionally two different actions, with "entry" being used to describe the ministerial act of the actual filing. See *Lewis v Wayne Co Sheriff*, 335 Mich 640, 643; 56 NW2d 211 (1953). To remedy any confusion, however, MCR 2.602(A) now equates the two events:

> (1) Except as provided in this rule and in MCR 2.603, all judgments and orders must be in writing, signed by the court and dated with the date they are signed.
>
> (2) The date of signing an order or judgment is the date of entry.

Further, this Court has recognized that the date an order is signed is the date of entry. See *People v McBride*, 204 Mich App 678, 683; 516 NW2d 148 (1994); see also 3 Dean & Longhofer, Michigan Court Rules Practice, § 2602.3, p 298 ("MCR 2.602(A) specifies that judgments and orders are considered 'entered' the date they are signed by the court, whether or not they are also filed with the clerk of the court on that date."). Therefore, we agree with the trial court, and hold that the order was effective on June 10, 2002, the date it was signed by the trial court, even though it was not actually filed with the clerk until the next day.

With the foregoing conclusion in mind, we now address the dispositive issue, i.e., whether to extend the period for service of process, it is sufficient that only the order granting the issuance of a second summons be entered within the original ninety-one day period, or must the second summons itself also be issued within the ninety-one day period. On this question, the trial court concluded as follows:

> The second step is to have the clerk issue a second summons. Now, when a summons expires, the clerk of the court loses jurisdiction to take any further action, and while there was an order allowing the second summons to issue, the clerk never issued one. There was no second summons issued on a timely basis on June 10. Therefore, on June 11, when one was issued, there was no jurisdiction for that issuance, and, therefore, it was an invalid summons and I have to dismiss the case—purely on technical grounds.

Therefore, despite the court's conclusion that the order was effective on June 10, it found dispositive the fact that the actual summons was not issued until the next day. In this regard, the trial court erred.

The plain, clear language of MCR 2.102(D) provides that it is only the trial court's order granting the issuance of a second summons that must be entered before the ninety-one days expires. That court rule unequivocally provides that "within that 91 days . . . the judge to whom the action is assigned may order a second summons to issue . . . ." MCR 2.102(D). The only operative and necessary act, therefore, is the entry of an order granting the motion to extend the summons. There is no language within MCR 2.102(D) that indicates that any other judicial act need be taken to extend the life of the summons. Indeed, MCR 2.102(D) goes on to provide, "If such an extension is *granted*, the new summons expires at the end of the extended period." (Emphasis added.) Under the court rules, only the court can "grant an extension," MCR 2.102(C) and (D), and thus it is the operative act of the court (entering an order granting an extension), and not the court clerk's actual issuance of the sec-

ond summons, that must occur within the ninety-one day life of the original summons.[2]

Although the clear language of the court rule sufficiently answers the question presented, our cases have previously recognized that the necessary act that must occur before expiration of the initial summons is the entry of an order granting the extension. In *Durfy v Kellogg*, 193 Mich App 141; 483 NW2d 664 (1992), we held that a court clerk cannot, upon the filing of an amended complaint, issue a new summons with a new expiration date. *Id.* at 143-144. In so holding, we acknowledged that it is *the extension from the court* that must be obtained within the life of the initial summons:

> However, MCR 2.102(D), while authorizing the judge *to order* the issuance of a new, extended summons, *requires that it be done within the life of the original summons,* that is, within 182 days after the filing of the original complaint in this case. *The extension* was not obtained until more than 182 days after the filing of the complaint and, therefore, *the trial judge* no longer possessed authority under the court rule to order an extension of the summons. [*Id.* at 144-145 (emphasis added).]

Because the court rule makes the court's order granting an extension the operative act to be taken before expiration of the summons, we held that "[t]he court clerk has no authority to extend the life of the summons." *Id.* at 144. More recently, in *Hyslop v Woj-*

---

[2] Though certainly not controlling, we do note that the authors of at least one Michigan legal source have noted the requirements plainly found within this rule. See 1A Borst, Vasic & Murphy, Michigan Pleading & Practice (2d ed), § pp 310-311 ("A summons expires 91 days after the date the complaint is filed unless within that 91-day period, the judge orders a second summons to issue for a definite period . . . .").

*jusik*, 252 Mich App 500; 652 NW2d 517 (2002), we noted that it is only the trial court's order that needs to be entered before the expiration of the initial summons:

> Rather, MCR 2.102(D) authorizes the court clerk to issue a summons upon the filing of a complaint, which summons remains in effect for ninety-one days from the date that it was issued, and authorizes *the trial court*, upon good cause shown *and within the ninety-one day period*, to issue a second summons for a *definite period*, not to exceed one year from the date that the original complaint was filed. [*Id.* at 506 (emphasis supplied in part).]

Acceptance of defendant's position would not only require us to read language into MCR 2.102(D) that does not exist, but it would also grant authority to court clerks, which does not exist. This we cannot do.

Defendant's reliance on *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), is misplaced. In *Scarsella, supra* at 551-553, the Court dealt with the interplay between the filing of a complaint and supporting affidavit, and the statute of limitations in a medical malpractice case. During its discussion, the Court merely noted that, although MCL 600.5856(a) "provides that a period of limitation is tolled '[a]t the time the complaint is filed and a copy of the summons and complaint are served on the defendant,'" *id.* at 552, generally, a statute of limitations only requires that a complaint be filed within the limitations period, *id.* at 552 n 3. The Court clarified that a "summons can be served within ninety-one days thereafter, unless a second summons . . . is issued within the first ninety-one day period." *Id.* However, contrary to defendant's argument, the Court did not say that a second sum-

mons is only effective if issued within the ninety-one day period; it merely stated that satisfaction of a statute of limitations is not dependant on the service of a summons.[3]

### III. CONCLUSION

As a result of the foregoing analysis, we hold that if an order allowing for the issuance of a second summons is entered within the effective period of the original summons, the court clerk must issue the second summons as timely ordered by the court even if the court clerk's act of issuing the second summons occurs after the expiration of the original summons. Thus, in this case, the court clerk had the authority to enter the second summons on June 11, 2002, because the clerk was at that time operating under the authorization of the June 10, 2002, order, which was entered and effective on that day. The second summons was, therefore, validly issued.

Accordingly, we reverse the trial court's order granting defendants' motion for summary disposition and dismissing plaintiff's complaint, and remand this case to the trial court for further proceedings. We do not retain jurisdiction.

---

[3] *Holliday v Townley*, 189 Mich App 424, 425; 473 NW2d 733 (1991), does not support defendant's position as that case dealt with a complete failure of service of process where no second summons was requested. Reliance on *Richards, supra* at 447, and *Bush v Beemer*, 224 Mich App 457, 460; 569 NW2d 636 (1997), is likewise misplaced because those cases dealt with the trial courts' findings of good cause for issuance of a second summons—an issue not contested in this case.