# STATE OF MICHIGAN

# COURT OF APPEALS

BRAZOS HIGHER EDUCATION SERVICE
CORPORATION,

UNPUBLISHED
March 23, 2017

Plaintiff-Appellee,

v

No. 329780
Oakland Circuit Court
LC No. 2015-145963-CK

ANN MARIE STINNETT,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MURPHY and ROYNANE KRAUSE, JJ.

PER CURIAM.

Defendant, Ann Stinnett, appeals by leave granted[1] the trial court's order denying her motion to dismiss the instant case under MCR 2.116(C)(2) (insufficient process) and MCR 2.116(C)(7) (statute of limitations). Because there are no errors requiring reversal, we affirm.

## I. BASIC FACTS

This case arises from Stinnett's decision to stop making payments on a number of private student loans. It appears that the loans originated with PNC Bank, but were eventually assigned to Brazos Student Finance Corporation and Acapita Education Corporation. Plaintiff, Brazos Higher Education Services Corporation, is the servicing agent responsible for collecting on the loan. According to Brazos, Stinnett owes $84,776.65 in unpaid student loan debt, and Brazos was unsuccessful in its attempts to collect on the debt.

On March 10, 2015, Brazos filed the instant suit, alleging breach of contract and unjust enrichment. Stinnett filed a motion to dismiss. She argued that the promissory notes she signed had a choice-of-law provision stating that Pennsylvania law would apply to disputes regarding the enforceability of the agreements. She asserted that as a result Brazos's claim was barred by the Pennsylvania statute of limitations. Alternatively, she argued that Brazos's claim must be dismissed because the errors in the summons amounted to a failure of process. In response,

---

[1] *Brazos Higher Ed Serv Corp v Stinnett*, unpublished order of the Court of Appeals, entered April 4, 2016 (Docket No. 329780).

Brazos asserted that there was no failure of process because the summons was sufficient and that the Michigan statute of limitations applied, so the complaint was not time-barred. Without holding oral argument on the motion, the trial court denied Stinnett's motion to dismiss. The court also denied her motion for reconsideration. The case was later set for trial, but has been stayed pending the outcome of this appeal.

## II. PROCESS

### A. STANDARD OF REVIEW

Stinnett first argues that the trial court erred in denying her motion for summary disposition because there was a failure of process. Challenges to a trial court's decision to deny summary disposition are reviewed de novo. *Moriarity v Shields*, 260 Mich App 566, 569; 678 NW2d 642 (2004). A party is entitled to summary disposition under MCR 2.116(C)(2) if the process "[t]he process issued in the action was insufficient." In reviewing a (C)(2) motion, "the trial court must consider the pleadings, affidavits, and other documentary evidence submitted by the parties." *Richards v McNamee*, 240 Mich App 444, 448; 613 NW2d 366 (2000), citing MCR 2.116(G)(5). We review de novo the interpretation of court rules, *Moriarity*, 260 Mich App at 569, and statutes, *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604-605; 886 NW2d 135 (2016).

### B. ANALYSIS

In this case, the summons contained two minor errors. First, when listing Stinnett's address, Brazos erroneously wrote the suite number as 101 instead of 1400. Second, Brazos erroneously stated that Stinnett resided in Troy, Michigan, instead of Birmingham, Michigan. Stinnett also asserts that Brazos erred by using her work address rather than her home address. Stinnett argues that those errors, regardless of how minor or insubstantial, required the trial court to either order amendment of the summons or dismiss the case. Further, because the time for amending the summons has expired, she contends that the only remaining remedy is dismissal of the case with prejudice.

In Michigan, "the concept of 'process' clearly encompasses the issuance of a summons, the filing of a complaint, service of the summons and complaint on a defendant, and the overall commencement of an action that compels a defendant to respond." *Zwiers v Growney*, 286 Mich App 38, 50; 778 NW2d 81 (2009), overruled on other grounds by *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 90-94; 869 NW2d 213 (2015). MCL 600.1905(2) and MCR 2.102(B) address the information a plaintiff must include in a summons.

MCL 600.1905(2) provides:

> The form of all summons shall be "In the name of the people of the state of Michigan." The summons shall be under the seal of the court, contain the name of the court, the names of the parties and name of the court clerk, be directed to the defendant or defendants, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to answer or take such other action as may be permitted by law, and shall notify the defendant that in case of his or her

failure to do so judgment will be rendered against him or her for the relief demanded in the complaint.

Similarly, MCR 2.102(B) provides:

(B) A summons must be issued "In the name of the people of the State of Michigan", under the seal of the court that issued it. It must be directed to the defendant, and include

(1) the name and address of the court,

(2) the names of the parties,

(3) the file number,

(4) the name and address of the plaintiff's attorney or the address of a plaintiff appearing without an attorney,

*(5) the defendant's address, if known,*

(6) the name of the court clerk,

(7) the date on which the summons was issued,

(8) the last date on which the summons is valid,

(9) a statement that the summons is invalid unless served on or before the last date on which it is valid,

(10) the time within which the defendant is required to answer or take other action, and

(11) a notice that if the defendant fails to answer or take other action within the time allowed, judgment may be entered against the defendant for the relief demanded in the complaint. [emphasis added.]

Notably, neither the statute nor the court rule require the inclusion of a defendant's *home address*. Thus, to the extent that Stinnett argues the summons was insufficient because Brazos used her work address instead of her home address, her argument is meritless.

We also find meritless Stinnett's argument that the clerical errors in the summons—i.e. the wrong suite number and city of residence—mandate reversal. Pursuant to MCL 600.2301,

The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. *The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties*. [emphasis added.]

-3-

Therefore, under the plain language of MCL 600.2301, the trial court was required to disregard the clerical errors in the summons so long as they did not affect Stinnett's substantial rights. See also *Delph v Smith*, 354 Mich 12, 15; 91 NW2d 854 (1958) (holding that errors in a summons only result in the lack of jurisdiction over a party and require dismissal where "the opposite party has been prejudiced by them"). Here, because Stinnett actually received the summons, she was not prejudiced by the clerical errors in it.

In sum, the trial court did not err in denying summary disposition under MCR 2.116(C)(2).

## III. STATUTE OF LIMITATIONS

### A. STANDARD OF REVIEW

Stinnett next argues that the trial court should have granted summary disposition under MCR 2.116(C)(7) because Brazos's claim was barred by the Pennsylvania statute of limitations. We review de novo whether a claim is barred by the statute of limitations. *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003). Further, "[i]n reviewing a ruling pursuant to subrule (C)(7), '[w]e consider all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them.' " *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 432-433; 824 NW2d 318 (2012), quoting *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001) (second alteration in original).

### B. ANALYSIS

The promissory notes that Stinnett signed to obtain her private students loans contained the following choice-of-law provision:

> This Note and its validity, construction and enforcement shall be governed by the laws of the Commonwealth of Pennsylvania and, to the extent applicable, federal law.[2]

In Pennsylvania, the statute of limitations for breach of contract is four years. 42 Pa Con Stat 5525(a)(8). In Michigan, the statute of limitations for breach of contract is six years. MCL 600.5807(8). The parties agree that Brazos's claim is timely under the Michigan statute of limitations, but would be time-barred by the Pennsylvania statute, absent the application of Pennsylvania's tolling statute, 42 PA Cons Stat 5532.

In general, "matters relating to [a] right of action are governed by the laws of the state where the cause of action arose." *Offerdahl v Silverstein*, 224 Mich App 417, 419; 569 NW2d

---

[2] We note that the copies of the promissory notes included in the lower court record are illegible. However, the parties do not dispute the existence of the choice-of-law provision or the language used in it.

834 (1997), quoting *Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 397; 509 NW2d 829 (1993). "However, parties may, in general, agree that all causes of action pertaining to a particular matter will. . . be subject to the law of a particular jurisdiction." *Id*. These contractual agreements are typically described as choice-of-law provisions. *Id*. "It is undisputed that Michigan's public policy favors the enforcement of contractual . . . choice-of-law provisions." *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 345; 725 NW2d 684 (2006).

However, our Supreme Court has held that even when there is a choice-of-law provision Michigan courts must apply Michigan procedural law. *Rubin v Gallagher*, 294 Mich 124, 127-128; 292 NW 584 (1940). In Michigan, "[a] statute of limitations is a procedural, not substantive, rule . . . ." *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 332; 869 NW2d 635 (2015) (quotation and quotation marks omitted). As a result, Michigan's six-year limitations period applies, not the four-year limitations period in Pennsylvania.

Moreover, we disagree with Stinnett's assertion that the language used in the promissory notes is broad enough that it evinces the parties' intent to adopt both the substantive and procedural law of Pennsylvania. The choice-of-law provision in *Rubin* broadly stated that the contract "shall be construed in accordance with the laws of the State of Ohio." *Rubin*, 294 Mich at 126. Despite that broad language, our Supreme Court did not engage in a discussion regarding whether the language adopted Ohio procedural law. See *id*. at 127-129. Instead, the Court held that while the choice-of-law provision "created a substantive right in favor of" one party, "the procedure and remedy for the enforcement of such substantive rights in Michigan are governed by the laws of this State." *Id*. at 127. Moreover, although Stinnett directs us to a number of federal cases addressing the scope of choice-of-law provisions, those decisions are not binding on this Court and we do not find them persuasive. See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004). We also find unpersuasive Stinnett's reliance on Pennsylvania's borrowing statute, 42 Pa Cons Stat 5521(a), because it is procedural in nature.

## IV. FAILURE TO HOLD ORAL ARGUMENT AND DECISION TO DENY RECONSIDERATION

### A. STANDARD OF REVIEW

Lastly, Stinnett argues that the trial court abused its discretion by dispensing with oral arguments before deciding her motion to dismiss and by denying her motion for reconsideration. "The decision to omit or limit oral argument is reviewed on appeal for an abuse of discretion." *Fisher v Belcher*, 269 Mich App 247, 252; 713 NW2d 6 (2005). Likewise, "[t]his Court reviews a trial court's decision to deny a motion for reconsideration for an abuse of discretion." *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000).

### B. ANALYSIS

"A court may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to a motion." MCR 2.119(E)(3). Typically, in instances where the parties have "thoroughly briefed the issues, we cannot find that the court abused its discretion in dispensing with oral argument." *American*

*Transmission, Inc*, 239 Mich App at 709. It is not an abuse of discretion for a trial court to dispense with oral argument where the parties' positions require "no further elaboration." *Fisher*, 269 Mich App at 252. Here, the parties thoroughly briefed the issues. Both sides stated the applicable facts, cited to the applicable law, analyzed the issue, and explained why their arguments should be successful. Thus, we conclude that the trial court did not abuse its discretion when it dispensed with oral argument.

Likewise, the trial court did not abuse its discretion when it denied Stinnett's motion for reconsideration. In order to be entitled to the grant of a motion for reconsideration, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). "Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). Here, Stinnett asserted that the trial court's failure to hold oral argument necessitated reconsideration because the trial court made errors in its opinion (1) by erroneously stating that she had "answered" the complaint when she had actually only filed a motion for summary disposition and (2) by confusing her argument regarding failure of process with an argument about failure of service of process. However, the trial court properly addressed Stinnett's argument regarding failure of process. Further, although the trial court stated in its opinion that Stinnett had "answered" the complaint, a full reading of the court's opinion makes clear that the court knew Stinnett had, in fact, only filed a motion for summary disposition, not an answer. More importantly, the trial court's legal analysis was not dependent on whether Stinnett answered the complaint or whether she merely responded to it by filing a motion for summary disposition.

Affirmed. Brazos, as the prevailing party, may tax costs. MCR 7.219.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause