*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICOLE MCDANIEL and JEFFREY MCDANIEL,

Plaintiffs-Appellants,

v

JEFFREY K. WINGATE M.D. and JEFFREY WINGATE M.D. PLLC,

Defendants-Appellees,

and

SPINE PLLC, ACCUSPINE PLLC, SOUTHEAST MICHIGAN SURGICAL HOSPITAL LLC, doing business as MICHIGAN SURGICAL HOSPITAL and doing business as INSIGHT SURGICAL HOSPITAL, and SPINE HEALTH PLLC,

Defendants.

UNPUBLISHED
December 18, 2024
10:03 AM

No. 368455
Macomb Circuit Court
LC No. 22-000948-NH

Before: O'BRIEN, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

In this medical malpractice action, plaintiffs appeal as of right the trial court order dismissing defendant Jeffrey K. Wingate, M.D., PLLC. We affirm.

## I. BACKGROUND

On September 13, 2019, Wingate performed an epidural steroid injection on plaintiff Nicole McDaniel. After the procedure, Nicole suffered neurological deficits, including neuropathic pain, bowel incontinence, and difficulty walking. On September 3, 2021, plaintiffs mailed a notice of intent to file a claim to defendants alleging that Wingate breached the applicable standard of care, which resulted in injuries to Nicole. On March 7, 2022, plaintiffs filed a

-1-

complaint against defendants.[1]  At the time that the complaint was filed, there were 115 days left on the two-year limitations period for medical malpractice actions.[2]  The trial court issued a summons that expired on June 6, 2022.

---

[1] Plaintiffs alleged Wingate breached the applicable standard of care and committed medical malpractice.  Plaintiffs alleged Wingate PLLC and the remaining defendants were vicariously liable for Wingate's negligence.  Plaintiffs also alleged plaintiff Jeffrey McDaniel, Nicole's husband, experienced loss of consortium, based on defendants' negligence.

[2] The limitations period for a medical malpractice claim is two years.  MCL 600.5805(8).  The claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim."  MCL 600.5838a(1).  If a medical malpractice claim is not commenced within the statutorily-prescribed time limits, it is "barred."  MCL 600.5838a(2).  It is undisputed that plaintiffs' claims began to accrue on September 13, 2019, when Nicole received the epidural steroid injection.  On March 10, 2020, Michigan Governor Gretchen Whitmer issued Executive Order No. 2020-4, declaring a state of emergency in Michigan, due to the COVID-19 pandemic.  On March 23, 2020, our Supreme Court entered Administrative Order No. 2020-3, 505 Mich cxliv, cxliv-cxlv (2020) in response to the pandemic with the intent to "extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19."  The order provided that "any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1)" in calculating all deadlines applicable to the commencement of a civil or probate-type action, including any statutory prerequisites to the filing.  *Id*. at cxliv.  On June 12, 2020, our Supreme Court rescinded AO 2020-3 through the issuance of Administrative Order No. 2020-18, 505 Mich clviii, in which the Supreme Court instructed that the computation of time would resume on June 20, 2020.  Therefore, on June 20, 2020, plaintiffs had the same number of days remaining in the statutory limitations period as they had on March 10, 2020 when the state of emergency went into effect.  See *Carter v DTN Mgt Co*, __ Mich __, __; __ NW3d __ (2024) (Docket No. 165425); slip op at 24; see also *Linstrom v Trinity Health-Mich*, 345 Mich App 455, 464; 5 NW3d 99 (2023).  AO 2020-3 is not limited in its application to limitations periods that would have otherwise expired during the COVID-19 exclusion period.  See *Carter*, __ Mich at __; slip op at 24; *Toman v McDaniels*, 12 NW3d 406 (Mich 2024).  In this case, there were 552 days remaining in the statutory limitations period for plaintiffs' claim on March 10, 2020.  Thus, accounting for COVID-19 tolling, 552 days remained in the statute of limitations on June 20, 2020.  Because the last day of the statutory period fell on Friday, December 24, 2021, which was a legal holiday, the statute of limitations was set to expire on Monday, December 27, 2021.  See MCL 8.6; MCR 1.108(1); MCR 8.110(D).  There is no dispute that plaintiffs sent their notice of intent on September 3, 2021, thereby tolling the applicable limitations period for 182 days because the limitations period would have expired during that waiting period.  MCL 600.2912b(1); MCL 600.5856(c).  When plaintiffs served their notice of intent, there were 115 days left on the limitations period.  The 182-day tolling period ended on March 4, 2022. and the limitations period began running again on March 5, 2022.

On June 6, 2022, plaintiffs moved to extend the life of the summons and for alternative service alleging, despite multiple attempts, they were unable to effect service on Wingate and Wingate PLLC.[3] Plaintiffs noticed the matter for hearing on June 13, 2022, which was after the expiration of the summons.[4] On July 27, 2022, the trial court entered an order granting plaintiffs' motion, extending the summons until September 17, 2022, and authorizing plaintiffs to serve Wingate and Wingate PLLC by first-class registered mail, return receipt requested.[5] Plaintiffs maintain that they "sent the extended summons to Dr. Wingate via First Class Registered Mail on July 27, 2022."[6]

On August 18, 2022, Wingate's counsel appeared for the limited purpose of challenging issuance of process, any purported service, and personal jurisdiction. On the same date, Wingate moved for summary disposition under MCR 2.116(C)(1), (2), and (3) arguing that the claims against Wingate were dismissed, without prejudice, as a matter of law when the original summons expired.

On September 6, 2022, plaintiffs filed an amended complaint, without leave, adding back Wingate and Wingate PLLC as defendants. No new claims were added. Thereafter, on September 12, 2022, plaintiffs moved to amend their complaint.

On September 16, 2022 the trial court entered an order granting Wingate's motion for summary disposition. The trial court held that all defendants not served before the June 6, 2022 expiration of the summons were dismissed, without prejudice, under MCR 2.102(E)(1).

On September 20, 2022, the trial court entered an order granting plaintiffs' motion for leave to file an amended complaint adding back Wingate and Wingate PLLC. Plaintiffs filed their amended complaint on October 3, 2022. The trial court issued a new summons, which expired on January 3, 2023.

On October 25, 2022, plaintiffs filed a second motion to extend the summons and for alternative service, arguing Wingate was intentionally evading service. On November 23, 2022,

---

[3] Plaintiffs motion was titled, "Plaintiffs' Motion to Extend Life of Summons and for Alternate Service." But plaintiffs brief in support was titled, "Plaintiffs' Brief in Support of Their Ex Parte Emergency Motion to Extend Life of Summons and for Alternate Service."

[4] Plaintiffs' request for hearing simply stated that it was for their "Motion to Extend Summons" and stated the relief sought was "Order Granting Motion to Extend Summons." Plaintiffs did not request an emergency hearing. The trial court initially rescheduled the hearing to June 27, 2022. Notice of the new date was served by the court administrator on June 8, 2022. The hearing was thereafter adjourned to July 18, 2022.

[5] A second summons was issued on August 22, 2022 with an expiration date of September 17, 2022.

[6] The certified mail receipts referenced by plaintiffs do not include a date of mailing. We further note that the second summons was not issued by the court clerk until August 22, 2022.

the trial court granted plaintiffs' motion, authorizing plaintiffs to serve Wingate by serving his attorney; however, the trial court allowed Wingate to retain his challenges to the issuance of the October 3, 2022 summons, the effectiveness of service of that summons, and personal jurisdiction.

On December 19, 2022, Wingate moved for summary disposition under MCR 2.116(C)(1), (2), (3), and (7). Wingate argued that plaintiffs' claim was time-barred because the statute of limitations expired on June 23, 2022. Wingate further challenged the validity of the October 3, 2022 summons for the amended complaint, and asserted that he had not been served with valid process.

On January 12, 2023, plaintiffs moved for relief from judgment, under MCR 2.612(C)(1)(c), from the trial court's September 16, 2022 order dismissing Wingate under MCR 2.102(E)(1). Plaintiffs argued that Wingate committed misconduct by intentionally evading service, and that his misconduct resulted in the dismissal of the claims against him on September 16, 2022. The trial court denied plaintiffs' motion, reasoning, even assuming Wingate did intentionally evade service, the court had no authority to extend the original summons after it expired on June 6, 2022.[7] The trial court also granted summary disposition in favor of Wingate under MCR 2.116(C)(1) and (7), and dismissed plaintiffs' claims against Wingate.[8] Plaintiffs moved for reconsideration, which the court denied. This appeal followed.

## II. RELIEF FROM JUDGMENT

Plaintiffs argue that Wingate committed misconduct by intentionally evading service, which resulted in his dismissal under MCR 2.102(E)(1), and thus the trial court abused its discretion by denying plaintiffs' motion for relief under MCR 2.612(C)(1)(c). Alternatively, plaintiffs argue, for the first time on appeal, that they are entitled to relief from judgment under MCR 2.612(C)(1)(f)[9] because the trial court delayed considering their motion to extend the original summons. We disagree.

## A. PRESERVATION AND STANDARDS OF REVIEW

We review for an abuse of discretion a trial court's decision on a motion for relief from judgment. *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 364; 760 NW2d 856 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d

---

[7] The trial court also stated plaintiffs' motion to extend the summons was defective because it included an unnotarized affidavit and relied on unsupported hearsay statements.

[8] On appeal, plaintiffs only challenge the portion of the trial court's order denying relief from judgment.

[9] MCR 2.612(C)(1)(f) provides, "On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds: . . . [a]ny other reason justifying relief from the operation of the judgment."

132 (2007). "[I]nterpretation of a court rule is a question of law that this Court reviews de novo." *Moriarity v Shields*, 260 Mich App 566, 569; 678 NW2d 642 (2004).

Plaintiffs raise a new alternative claim that relief from the court's September 16, 2022 order is warranted under MCR 2.612(C)(1)(f) because the trial court delayed considering their motion to extend the original summons. "In civil cases, Michigan follows the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2 (cleaned up). A litigant must raise an issue in the trial court to preserve it for appellate review. *Id*. at ___; slip op at 2. Because this issue was not raised in the trial court, it is waived. *Id*. at ___; slip op at 3.[10] Moreover, plaintiffs waived this issue because they failed to include it in their statement of questions presented. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019); see also MCR 7.212(C)(5) (stating that an appellant's brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal."). Under these facts, we decline to exercises our discretion to review this abandoned claim of error. *Tolas Oil & Gas Exploration*, ___ Mich App at ___; slip op at 3.

## B. ANALYSIS

Plaintiffs argue that they are entitled to relief from the trial court's September 16, 2022 order under MCR 2.612(C)(1)(c) because Wingate committed misconduct by intentionally evading service. MCR 2.612(C)(1)(c) provides, "On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds: . . . [f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Plaintiffs have not alleged misconduct by Wingate to warrant reversal under MCR 2.612(C)(1)(c).

"A summons expires 91 days after the date the summons is issued." MCR 2.102(D). The "expiration date" of a summons is the last day in the 91-day window. *Moriarity*, 260 Mich App at 572. If a defendant is not served before the summons expires, the action is deemed dismissed without prejudice as to that defendant. MCR 2.102(E).[11]

---

[10] While we may overlook preservation requirements under certain limited circumstances, *Tolas Oil & Gas Exploration*, ___ Mich App at ___; slip op at 3, our Supreme Court has cautioned that this discretion should be exercised sparingly and only in exceptional circumstances, *Napier v Jacobs*, 429 Mich 222, 233-234; 414 NW2d 862 (1987).

[11] MCR 2.102(E) provides:

> (1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. As to a defendant added as a party after the filing of the first complaint

In this case, it is undisputed that plaintiffs did not serve Wingate with their complaint before the expiration of the original summons on June 6, 2022. Plaintiffs moved to extend the summons on June 6, 2022. Under MCR 2.102(D), a trial court is authorized, "on a showing of due diligence by the plaintiff in attempting to serve the original summons," to "order a second summons to issue for a definite period not exceeding 1 year from the date the summons is issued." But a trial court is only authorized to issue a second summons "within those 91 days" of the life of the original summons. See MCR 2.102(D) ("within those 91 days . . . the judge to whom the action is assigned may order a second summons to issue . . . ."); see also *Moriarity*, 260 Mich App at 572-573 ("[T]he trial court's order granting the issuance of a second summons . . . must be entered before the ninety-one days expires."); *Durfy v Kellogg*, 193 Mich App 141, 144-145; 483 NW2d 664 (1992) (concluding that "the trial judge no longer possessed authority under [MCR 2.102(D)] to order an extension of the summons" because the extension was not obtained "within the life of the original summons[.]").

Plaintiffs filed their motion on the expiration date of the summons,[12] and noticed their motion for hearing on June 13, 2022, which was not within the life of the original summons. Regardless of whether Wingate was evading service or the fact that the trial court adjourned the motion hearing twice, the court had no authority after June 6, 2022 to order a second summons to issue. See MCR 2.102(D); see also *Moriarity*, 260 Mich App at 572-573; *Durfy*, 193 Mich App at 145. Nothing in the plain language of MCR 2.102(D) allows for exceptions based on misconduct or evasion of service. The trial court no longer possessed authority under MCR 2.102(D) to order an extension of the summons on July 22, 2022.

Plaintiffs argue we should remand for an evidentiary hearing on the issue of whether Wingate intentionally evaded service. Regardless of whether Wingate intentionally evaded service, the trial court did not have the authority to issue a second summons after the expiration of

---

in the action, the time provided in this rule runs from the filing of the first pleading that names that defendant as a party.

(2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction. The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.

(3) The clerk shall give notice of the entry of a dismissal order under MCR 2.107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal.

[12] Plaintiffs' motion was supported by a May 12, 2022 affidavit of due diligence, an April 18, 2022 unnotarized "affidavit" of incorrect address, and a request for change of address purportedly sent to the Postmaster in Wichita, Kansas on April 25, 2022 by plaintiffs' counsel. There is no evidence that plaintiffs could not have filed their motion for an extension of the summons a reasonable time before the expiration date to allow for a hearing and entry of an order during the life of the summons.

the first summons. There is nothing to be learned in an evidentiary hearing that could negate the fact the second summons was not issued within the required time frame.

After the original summons expired, the action against Wingate was deemed dismissed without prejudice because plaintiffs failed to serve him within the life of the summons. MCR 2.102(E)(1). And an extended summons was not issued within the life of the original summons. Accordingly, the trial court did not err by concluding "that all Defendants, including [Wingate], that were not served with process before the Original Summons expired on June 6, 2022 were dismissed without prejudice on June 7, 2022 pursuant to MCR 2.102(E)(1)."[13] And the trial court did not abuse its discretion by denying plaintiffs' motion for relief from judgment under MCR 2.612(C)(1)(c).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[13] Because plaintiffs did not serve Wingate with a copy of the summons and complaint before the summons expired, the limitations period was not tolled when plaintiffs filed their complaint on March 7, 2022. See MCL 600.5856(a) (providing that the statute of limitations is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules."). Thus, when the claim against Wingate was deemed dismissed on June 7, 2022, there were 21 days remaining in the limitations period, which expired on June 28, 2022.