FISHER v BELCHER

Docket No. 263083. Submitted November 8, 2005, at Lansing. Decided December 15, 2005, at 9:05 a.m.

   Krista Fisher filed a complaint against Shannon Belcher in the 46th Circuit Trial Court, Crawford Family Division, seeking child support only under the Uniform Interstate Family Support Act (UIFSA), MCL 552.1101 *et seq.* The defendant resided in Missouri, where the plaintiff and the child had also lived before they moved to Michigan. The defendant subsequently petitioned a Missouri court for a paternity determination and custody of the child, and filed in the Michigan court a special appearance and motion to dismiss the plaintiff's complaint. After unsuccessfully seeking to dismiss the Missouri action, the plaintiff filed a petition in the Michigan court seeking temporary custody, parenting time, and child support. After a hearing by a referee, which the defendant did not attend, the court, John G. Hunter, J., adopted the referee's findings and granted the plaintiff custody of the child. Following a show cause hearing, the court set aside that custody order, stating that it had inadvertently decided whether Michigan or Missouri had jurisdiction after the defendant failed to appear. The court then conferred with the Missouri court by telephone, and subsequently entered an order declining jurisdiction pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*, and stating that the matter would proceed in the Missouri court. The plaintiff appealed.

   The Court of Appeals *held*:

   1. The trial court did not abuse its discretion when it omitted oral argument before rendering its decision on which state had jurisdiction. Absent a brief by the defendant on the issue, the plaintiff's position required no further elaboration. Moreover, the trial court conferred with the Missouri court as required under MCL 722.1110 and 722.1206(2).

   2. The trial court did not err when it determined that it lacked jurisdiction to make the child custody determination. MCL 722.1206 requires a court to dismiss a child custody proceeding if the court determines that a child custody proceeding has already been commenced in the court of another state having jurisdiction

substantially in conformity with the UCCJEA. The defendant filed for custody first in Missouri, and both courts concluded that the Missouri court was the appropriate forum for the custody determination. The plaintiff's complaint for child support under the UIFSA did not give rise to an earlier child custody proceeding in Michigan for purposes of the UCCJEA under the plain language of the definition of "child custody proceeding" in MCL 722.1102(d). Moreover, jurisdiction in Missouri was proper because that state was the child's home state under MCL 722.1102(g).

3. The trial court did not abuse its discretion when it set aside its earlier order granting custody to the plaintiff. The court was permitted to correct its inadvertent decision on the jurisdictional issue that it made administratively following the defendant's failure to appear at the hearing. Moreover, the court was required to set the custody order aside because it did not have jurisdiction over the custody matter and was required by the UCCJEA to dismiss the proceeding.

Affirmed.

PARENT AND CHILD — CUSTODY — CHILD SUPPORT — UNIFORM CHILD-CUSTODY JURISDICTION AND ENFORCEMENT ACT — UNIFORM INTERSTATE FAMILY SUPPORT ACT.

A proceeding for child support brought under the Uniform Interstate Family Support Act is not a child custody proceeding for purposes of determining jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (MCL 552.451 *et seq.*, 722.1102[d], 722.1206).

Legal Services of Northern Michigan, Inc. (by *Steven Hornick*), for the plaintiff.

*Bloomquist & Associates, PLLC* (by *Todd H. Nye*), and *Van Matre & Krueger, L.L.C.* (by *Robert V. Krueger*), for the defendant.

Before: DONOFRIO, P.J., and ZAHRA and KELLY, JJ.

DONOFRIO, P.J. Plaintiff, Krista Fisher, appeals as of right an order of dismissal predicated on a finding that Michigan did not have jurisdiction to determine child custody and acknowledging that the child custody determination would proceed in Missouri, where defen-

dant, Shannon Belcher, had previously filed a child custody proceeding. Because the trial court did not abuse its discretion when it elected not to hear oral argument before rendering a decision on jurisdiction, did not err when it dismissed the Michigan child custody proceeding after communication with the sister state's trial court pursuant to the relevant provision of the Uniform Child-Custody Jurisdiction and Enforcement Act, MCL 722.1206(2), and appropriately set aside its child custody order, we affirm.

### I. SUBSTANTIVE FACTS AND PROCEDURE

This appeal challenges a child custody jurisdictional determination involving Michigan and Missouri regarding a minor child, Emma Belcher, born April 30, 2004. Before Emma's birth, the parties resided together in Missouri, and they continued to reside together after her birth until plaintiff moved with Emma to Michigan on July 30, 2004. Since arriving in Michigan on August 1, 2004, plaintiff and Emma have continued to reside here. On September 23, 2004, plaintiff filed a complaint in Michigan for child support only pursuant to the Uniform Interstate Family Support Act (UIFSA), MCL 552.1101 *et seq.*, against defendant. Plaintiff provided neither an affidavit of paternity nor an acknowledgement of paternity with her complaint. Also, plaintiff did not seek a determination of paternity, custody, or parenting time. Apparently, on October 11, 2004, defendant was served with plaintiff's child support complaint. On October 26, 2004, defendant filed a petition in Missouri to establish paternity of Emma and for custody conditioned on paternity. On November 1, 2004, defendant filed a special appearance and motion to dismiss plaintiff's child support complaint,

arguing that Missouri had jurisdiction and that Michigan lacked personal jurisdiction.

On December 13, 2004, plaintiff filed a motion in Missouri to dismiss for lack of subject-matter jurisdiction, which motion was later denied. On January 14, 2005, plaintiff filed a petition in Michigan for temporary custody, parenting time, and child support. The petition included a supporting affidavit as required by the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.,* in which plaintiff acknowledged defendant's pending custody petition in Missouri. On February 2, 2005, defendant filed a motion to stay the Michigan proceeding pending the paternity test and the resolution of whether Missouri or Michigan had jurisdiction over the child custody determination. Defendant noted that he had filed a petition for custody in Missouri before plaintiff filed her January 14, 2005, petition. On February 4, 2005, the Friend of the Court filed a notice regarding plaintiff's petition for temporary custody, parenting time, and child support, and a referee hearing was scheduled for March 10, 2005. The notice provided that a party would waive the right to object and have a hearing before a judge if the party failed to appear at the hearing. The notice also stated that an order would be entered immediately following the hearing.

On March 8, 2005, the Missouri court conferred with the Michigan court regarding proper jurisdiction and stated that jurisdiction could not be determined at that time because additional information was needed. The Missouri court ordered the parties to file with that court, and the Michigan court, a list of witnesses and anticipated exhibits. Similarly, on March 10, 2005, the Michigan court ordered the parties to file with that court, and the Missouri court, a list of witnesses and

anticipated exhibits. On March 16, 2005, the report of the referee's findings and recommendations was filed, which recommended that plaintiff be granted sole legal and physical custody of Emma, noting that defendant had failed to appear at the hearing. The Michigan court adopted the referee's findings and granted plaintiff custody on March 16, 2005. On March 18, 2005, plaintiff objected to the Michigan court's finding that she had filed her custody petition in January 2005. Plaintiff argued that the custody issue related back to her initial pleading for child support because the Family Support Act (FSA), MCL 552.451 *et seq.*, provides for custody in specific instances.

On April 21, 2005, plaintiff filed a brief arguing that Michigan had jurisdiction and that Michigan was the more convenient forum. On April 27, 2005, the Michigan court ordered a hearing to show cause regarding why its March 16, 2005, custody order should not be set aside. At the show cause hearing on May 4, 2005, the court stated that its custody order had inadvertently decided which state had jurisdiction. The court also stated that it was not fair to defendant to grant plaintiff custody and to foreclose the issue of jurisdiction simply because defendant defaulted. On May 9, 2005, the Michigan court set aside its March 16, 2005, custody order. On May 12, 2005, the Michigan court and the Missouri court conferred by telephone. Both courts agreed that neither state was the child's home state and determined that Missouri was the proper state of jurisdiction. On May 16, 2005, the Michigan court entered an order declining jurisdiction to determine child custody and stating that the matter would proceed in Missouri. On May 20, 2005, the Missouri court entered an order determining that Missouri was the proper state of jurisdiction.

II. ANALYSIS

A

Plaintiff first argues that the trial court abused its discretion when it elected not to hear oral argument before rendering a decision on proper jurisdiction. A court may, in its discretion, omit or limit oral argument regarding a motion. MCR 2.119(E)(3). Oral argument, when allowed, should assist the court beyond the briefing. The decision to omit or limit oral argument is reviewed on appeal for an abuse of discretion. *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000). An abuse of discretion occurs only when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Flint City Council v Michigan*, 253 Mich App 378, 397; 655 NW2d 604 (2002).

Although defendant failed to submit a brief, the Michigan trial court was satisfied that plaintiff had thoroughly briefed the jurisdictional issue. The Michigan trial court elected not to hear oral argument, but did confer with the Missouri trial court regarding proper jurisdiction before rendering its decision. See MCL 722.1110 and 722.1206(2). Without defendant's argument, plaintiff's position required no further elaboration. The trial court did not abuse its discretion in omitting oral argument. *American Transmission, Inc, supra* at 709.

B

Plaintiff argues that the trial court erred in its jurisdictional analysis and in ultimately declining jurisdiction. Whether a court has subject-matter jurisdiction to hear a particular matter is an issue of law that is

reviewed de novo. *Young v Punturo*, 252 Mich App 47, 54; 651 NW2d 122 (2002). Once jurisdiction is established, a trial court's decision concerning whether to exercise jurisdiction in a custody proceeding is reviewed for an abuse of discretion. *Id.*

At the time this dispute arose, Michigan had adopted the UCCJEA,[1] but Missouri was still acting, and continues to act, under the Uniform Child Custody Jurisdiction Act.[2] Plaintiff argues that the trial court clearly erred when it applied a balancing test resulting in a finding that Michigan did not have jurisdiction to hear the matter under MCL 722.1201(1)(b), and also erred when it found that plaintiff and the minor child did not have a "significant connection" with Michigan. Plaintiff assigns error to the trial court's analysis pursuant to MCL 722.1201[3] regarding when a Michigan court has jurisdiction to make an initial child custody determination. Before a Michigan court makes an initial child

---

[1] The Uniform Child Custody Jurisdiction Act, former MCL 600.651 *et seq.*, was repealed effective April 1, 2002. MCL 722.1406. It was replaced by the UCCJEA, which Michigan adopted on December 27, 2001. See 2001 PA 195.

[2] Mo Rev Stat 452.440 to 452.550.

[3] MCL 722.1201(1) provides, in pertinent part, that a Michigan court

has jurisdiction to make an initial child-custody determination only in the following situations:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 207 or 208, and the court finds both of the following:

custody determination, its determination is subject to whether an out-of-state child custody proceeding has already commenced. Specifically, MCL 722.1206 provides, in pertinent part:

> (1) Except as otherwise provided in section 204, a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court of another state having jurisdiction substantially in conformity with this act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under section 207.
>
> (2) Except as otherwise provided in section 204, before hearing a child-custody proceeding, a court of this state shall examine the court documents and other information supplied by the parties as required by section 209. If the court determines that, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this act, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the child-custody proceeding.

---

(*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207 or 208.

(d) No court of another state would have jurisdiction under subdivision (a), (b), or (c).

This section requires a court of this state to dismiss its proceeding if certain criteria are satisfied. First, a child custody proceeding in the court of another state having jurisdiction substantially in conformity with the act must have already been commenced. The Missouri court has jurisdiction substantially in conformance with Michigan's version of the UCCJEA. Compare MCL 722.1201(1) with Mo Rev Stat 452.450. Moreover, neither party contests the compatibility of each state's custody act.

Next, a court of this state is required to examine the information supplied by the parties under MCL 722.1209. MCL 722.1209(1)(b) provides that a party's pleadings must state whether the party knows of another pending custody proceeding. In her child custody petition, plaintiff acknowledged that defendant had previously filed for custody in Missouri. Finally, if a Michigan court determines that a child custody proceeding has already been commenced in another state, the Michigan court must confer with the court of the other state. Further, the act specifically allows courts of this state to confer with courts of another state to determine proper jurisdiction if the need arises. MCL 722.1110. Here, both trial courts conferred and agreed that Missouri had jurisdiction to entertain the child custody dispute in Missouri and that Michigan did not. Essentially, the courts concluded that the Missouri court was the more appropriate forum. So the sole issue became whether plaintiff's child support complaint filed on September 23, 2004, gave rise to a child custody proceeding as defined in the UCCJEA because the statute mandates dismissal if an earlier child custody proceeding has begun and all the requirements are met. MCL 722.1206(1).

Defendant's position is that plaintiff's child support complaint did not give rise to a child custody proceeding for purposes of the UCCJEA, but plaintiff argues to the contrary. A statutory provision cannot be interpreted apart from other sections of the statute without constant reference to the whole. *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 425; 565 NW2d 844 (1997). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature, and the Legislature is presumed to have intended the meaning it plainly expressed. *Linsell v Applied Handling, Inc*, 266 Mich App 1, 15; 697 NW2d 913 (2005). If statutory language is clear and unambiguous, then judicial construction is neither necessary nor permitted, and a court is required to apply the statute as written; however, if the language is ambiguous, judicial interpretation is permissible. *Id.* Under Michigan's version of the UCCJEA,

> "[c]hild-custody proceeding" means a proceeding in which legal custody, physical custody, or parenting time with respect to a child is an issue. Child-custody proceeding includes a proceeding for divorce, separate maintenance, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear. . . . [MCL 722.1102(d).]

Also, the Legislature has defined "child-custody determination" as not including an order relating to child support or other monetary obligation of an individual. MCL 722.1102(c) states:

> "Child-custody determination" means a judgment, decree, or other court order providing for legal custody, physical custody, or parenting time with respect to a child. Child-custody determination includes a permanent, temporary, initial, and modification order. Child-custody determi-

nation does not include an order relating to child support or other monetary obligation of an individual.

If the Legislature had intended to include a child support complaint as giving rise to a child custody proceeding, it would have chosen to include the phrase "child support complaint" in the definition, especially considering that the term "child support" was used in an earlier definition. See MCL 722.1102(c). The Legislature's intent is clear given its particular choice of phraseology. Defendant filed his child custody petition on October 26, 2004, but plaintiff had filed her child support complaint on September 23, 2004, and later filed a child custody petition on January 14, 2005. On the basis of the plain language of MCL 722.1102(d), plaintiff's child support complaint did not give rise to a child custody proceeding for purposes of determining jurisdiction under the UCCJEA.

Plaintiff argues that custody was necessarily at issue because the FSA requires a noncustodial parent to provide support for the custodial parent, and a court must include provisions for custody and parenting time if there is no dispute. MCL 552.451 and 552.452(3). Particularly, plaintiff points out that MCL 552.451 uses the term "noncustodial parent." While plaintiff makes this argument on appeal, plaintiff did not bring her complaint under the FSA, but instead brought it pursuant to the UIFSA, specifically citing MCL 552.1201. Plaintiff's reliance on the FSA on appeal is irrelevant because she did not bring the action under the provisions of the FSA. Further, plaintiff may not avail herself of the provisions of the FSA to bring a complaint in the circuit court because she is neither a married parent nor a custodial parent of a legitimate, legitimated, or lawfully adopted minor child. MCL 552.451 and 552.451a. Because plaintiff does not meet the threshold

requirements of MCL 552.451 or MCL 552.451a, the trial court was not empowered to address matters relating to custody and parenting time.

Plaintiff's argument, citing the FSA, that a court ordering support will fix custody and establish parenting time and, therefore, custody was necessarily at issue is not meritorious under the UIFSA. There is no provision in the UIFSA allowing the court ordering support to fix custody or establish parenting time. Thus, plaintiff similarly cannot rely on the UIFSA to support her argument that the proceeding is a custody proceeding. Additionally, even if we were to consider plaintiff's initial filing pursuant to the UIFSA as a "first-filed" proceeding for purposes of the UCCJEA, the action could not go forward for want of jurisdiction. First, none of the subsections of MCL 552.1201[4] is satisfied for this state to exercise personal jurisdiction over the nonresident defendant. Second, while a Michigan court

---

[4] MCL 552.1201 provides:

In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if any of the following are true:

(a) The individual is personally served with citation, summons, or notice within this state.

(b) The individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving a contest to personal jurisdiction.

(c) The individual resided with the child in this state.

(d) The individual resided in this state and provided prenatal expenses or support for the child.

(e) The child resides in this state as a result of the individual's acts or directives.

*may* exercise jurisdiction pursuant to MCL 552.1223(1) of the UIFSA under limited circumstances, the Michigan court *shall not* exercise jurisdiction if the sister state in which a comparable action is pending is the child's "home state." See MCL 552.1223(2). "Home state" is defined as

> the state in which a child lived with a parent or a person acting as parent for at least 6 consecutive months immediately preceding the time of petitioning for support or, if a child is less than 6 months old, the state in which the child lived from birth with a parent or a person acting as parent. A period of temporary absence of any of them is counted as part of the 6-month period or other period. [MCL 552.1102(e).]

Emma was born on April 30, 2004, and lived in Missouri until she moved to Michigan with plaintiff on July 30, 2004. Plaintiff filed her initial action on September 23, 2004. At the time of filing, the child had not lived with plaintiff for at least six consecutive months in Michigan. Because the child was less than six months old, the state in which the child lived from birth with a parent is the home state, namely Missouri.

Plaintiff also argues that the child support complaint commenced a child custody proceeding because it was the first pleading filed in the matter. Indeed, Michigan's version of the UCCJEA defines "commencement" as "the filing of the first pleading in a proceeding." MCL

---

(f) The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse.

(g) The individual asserted parentage in the parentage registry maintained in this state.

(h) There is another basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

722.1102(e). Plaintiff relies on an obverse interpretation of MCL 722.1206(1), which provides that this state must not exercise its jurisdiction if, *at the time of the commencement of the proceeding*, another state has commenced a child custody proceeding. By claiming that the child support complaint commenced a child custody proceeding, and having filed the child support complaint first, plaintiff asserts that the statute requires this state to exercise jurisdiction. However, the commencement of a proceeding refers to a child custody petition. The title of the UCCJEA states that the act prescribes "the powers and duties of the court in a child-custody proceeding involving this state and a proceeding or party outside of this state . . . ." As stated earlier, plaintiff's initial pleadings were not custodial in nature. See MCL 722.1102(d). After analyzing the language and requirements under MCL 722.1206(2), we conclude that the Michigan trial court was required to dismiss its proceeding because Missouri had already commenced a child custody proceeding at the time plaintiff filed her custody petition and, after the sister courts conferred, neither found the Michigan forum more appropriate.

Finally, notwithstanding the trial courts' statements concerning the child's "home state,"[5] MCL 722.1201(2) provides that MCL 722.1201(1) "is exclusive jurisdic-

---

[5] For purposes of the UCCJEA,

"[h]ome state" means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding. In the case of a child less than 6 months of age, the term means the state in which the child lived from birth with a parent or person acting as a parent. A period of temporary absence of a parent or person acting as a parent is included as part of the period. [MCL 722.1102(g).]

tional basis for making a child-custody determination by a court of this state." MCL 722.1201(1) provides in pertinent part:

> [A] court of this state has jurisdiction to make an initial child-custody determination only in the following situations:
>
> (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
>
> (b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 207 or 208, and the court finds both of the following:
>
> (i) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> (ii) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
>
> (c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207 or 208.
>
> (d) No court of another state would have jurisdiction under subdivision (a), (b), or (c).

Because plaintiff and Emma had not resided in Michigan for at least six months before the filing of plaintiff's initial petition, Michigan is not a "home state" as defined in MCL 722.1102(g). MCL 722.1201(1)(a). Similarly, by definition, Missouri is the child's home state

because Emma was less than six months of age at the time plaintiff's initial petition was filed and the child lived from birth with a parent in Missouri. MCL 722.1102(g) and 722.1201(1)(a). Because Missouri had jurisdiction and agreed to exercise jurisdiction, further analysis under MCL 722.1201(1)(b) to (d) is unnecessary. Therefore, the Michigan trial court's end result in allowing the Missouri court to proceed on the custody issue was proper.

In sum, defendant was first to commence a child custody proceeding in Missouri because he was first to petition for custody. Therefore, the Michigan trial court was required by MCL 722.1206(2) to dismiss its proceedings.

C

Plaintiff argues that the Michigan trial court abused its discretion in electing to set aside its March 16, 2005, order granting plaintiff sole legal custody. Plaintiff contends that defendant had an opportunity to challenge jurisdiction before the custody order, but failed to do so. This Court reviews for an abuse of discretion a trial court's decision to grant relief from an order. *Detroit Free Press, Inc v Dep't of State Police*, 233 Mich App 554, 556; 593 NW2d 200 (1999).

A court may set aside an order on a number of grounds, including mistake, inadvertence, surprise, or excusable neglect. MCR 2.612(C)(1)(a). A party may be relieved from a final judgment, order, or proceeding on the basis of mistake, which mistake may be by the trial court. *Altman v Nelson*, 197 Mich App 467, 477; 495 NW2d 826 (1992). Here, the Michigan trial court readily admitted that it had inadvertently reached the merits regarding jurisdiction by granting plaintiff custody administratively. The court initially granted plain-

tiff sole legal custody of Emma and adopted the referee's recommendations after defendant failed to show at the referee hearing. However, at the hearing to show cause why the custody order should not be set aside, the trial court stated that it had inadvertently decided the jurisdictional issue in its March 16, 2005, order and that the decision was not fair to defendant. The court also noted that defendant had contested jurisdiction from the onset of the proceedings. The record clearly indicates that the trial court inadvertently decided the issue of jurisdiction. Therefore, we conclude that the court did not abuse its discretion in setting aside its order because the two state courts had not adequately examined the issue of proper jurisdiction.

But regardless of whether the court inadvertently entered its custody order, the Michigan trial court was required to dismiss its child custody proceeding because defendant had filed for custody earlier in Missouri. MCL 722.1206(2). This Court has recently held that a trial court may, on its own initiative, correct an error arising from an oversight if the court failed to comply with a statutory requirement. *Delamielleure v Belote,* 267 Mich App 337, 344; 704 NW2d 746 (2005). Because MCL 722.1206(2) required the Michigan trial court to dismiss its child custody proceeding when it was satisfied concerning the appropriateness of the Missouri court to decide the matter, the Michigan trial court did not err in setting aside its child custody order. Additionally, because the trial court did not have jurisdiction to entertain the child custody proceeding, the trial court was required to set aside the child custody order because the order was void for lack of jurisdiction. MCR 2.612(C)(1)(d).

### III. CONCLUSION

The trial court did not abuse its discretion when it elected not to hear oral argument before rendering a

decision on proper jurisdiction. The Michigan trial court did not err when it determined that Michigan lacked jurisdiction to make a child custody determination because a child custody proceeding had initially commenced in Missouri since defendant was first to file for custody. Therefore, under the plain language of MCL 722.1206(2), the Michigan trial court was required to dismiss its child custody proceeding because the Missouri trial court had determined that Missouri was a more appropriate forum. Finally, in accordance with MCL 722.1206, the Michigan trial court did not abuse its discretion in setting aside its own order because defendant was first to file a child custody proceeding in Missouri.

Affirmed.