# STATE OF MICHIGAN

# COURT OF APPEALS

JODY S. KRAUS,

        Plaintiff-Appellee,

v

PARE LYNN GEROU,

        Defendant-Appellant.

UNPUBLISHED
October 6, 2015

Nos. 326397; 327149
Washtenaw Circuit Court
Family Division
LC No. 12-000384-DM

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant mother appeals the trial court's determination that it has jurisdiction over the matter under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*. For the reasons stated below, we affirm.

## I. FACTS

Kraus and Gerou married in 1985, and their son, ATK, was born in August 2001. The family moved to Ann Arbor in 2009. During this period, the parties' marriage began to deteriorate, and Kraus filed for divorce in the Washtenaw Circuit Court in February 2012. Soon thereafter, in August 2012, Gerou and ATK moved to Virginia, while Kraus moved to New York around the same time. Nonetheless, the divorce proceedings continued in the Washtenaw Circuit Court.

In December 2012, the parties settled their divorce, and the trial court used the settlement as the basis for its January 2013 divorce judgment. Both Kraus and Gerou received joint legal custody of ATK, and the trial court adopted the custody and parenting-time provisions contained in the settlement agreement. The court also assigned a parenting coordinator to work with the parties on custody and parenting time issues.

In October 2014, the parenting coordinator recommended that ATK be moved to New York to live with Kraus. Gerou contested this recommendation, and asked the trial court to find that it no longer had exclusive, continuing jurisdiction under the UCCJEA because none of the individuals involved in this case resided in Michigan. Kraus moved for the proceedings to be transferred to Virginia, or, in the alternative, for an evidentiary hearing on the parenting coordinator's recommendation that ATK move to New York.

-1-

The trial court concurred with Gerou's argument that it no longer had exclusive jurisdiction under the UCCJEA, because Kraus, Gerou, and ATK now live in other states. Accordingly, the court held a hearing in February 2015 to determine whether Michigan was a convenient forum under the UCCJEA, and invited a judge of the 16th District Court of Virginia in Albemarle County[1] to participate via telephone. Both the trial court and the Virginia judge concluded that the case should remain in Michigan. The trial court then stated that it would hold an evidentiary hearing on the parenting coordinator's recommendation that ATK move to New York.

Before the evidentiary hearing occurred,[2] Gerou appealed the trial court's determination. Specifically, she asserts that the trial court erred when it held that: (1) MCL 722.1201(1) provided it with jurisdiction over the case; and (2) it was a convenient forum to hear the case under MCL 722.1207.[3]

## II. ANALYSIS[4]

### A. MCL 722.1201(1)

The UCCJEA prescribes the powers and duties of a court in a child-custody case that involves a party or a proceeding located outside Michigan. *Fisher v Belcher*, 269 Mich App 247, 260; 713 NW2d 6 (2005). Under the UCCJEA, a Michigan court may determine that it lacks exclusive, continuing jurisdiction over a child-custody dispute when it, or the court of another state, "determines that neither the child, nor a parent of the child, nor a person acting as the child's parent presently resides in [Michigan.]" MCL 722.1202(1)(b).

Nonetheless, in such instances, a Michigan court may assert jurisdiction over a child-custody dispute "if [the court] has jurisdiction to make an initial child custody determination under [MCL 722.1201]." MCL 722.1202(3). In relevant part, MCL 722.1201(1) provides:

> Except as otherwise provided in [MCL 722.1204[5]], a court of this state has jurisdiction to make an initial child-custody determination only in the following situations:

---

[1] Gerou lives in Charlottesville, which is in Albemarle County.

[2] The hearing has been postponed pending the outcome of this appeal.

[3] Defendant also makes the unavailing assertion that the trial court erred when it indicated that it would not have to address ATK's best interests during the evidentiary hearing on the parenting coordinator's recommendation that ATK live with Kraus in New York. The trial court of course must consider ATK's best interests in such an evidentiary hearing. See *Harvey v Harvey*, 470 Mich 186, 192; 680 NW2d 835 (2004). But Gerou's appeal on this score contravenes common sense—the evidentiary hearing has not yet occurred *because of Gerou's appeal*.

[4] "Absent a factual dispute, this Court reviews de novo, as a question of law, whether a trial court has jurisdiction under the UCCJEA." *Cheesman v Williams*, ___ Mich App ___; ___ NW2d ___, 2015 WL 3794095, slip op at *1-2.

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under [MCL 722.1207 or 722.1208[6]], and the court finds both of the following:

(*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

*(c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child* under [MCL 722.1207 or 722.1208].

(d) No court of another state would have jurisdiction under subdivision (a), (b), or (c). [Emphasis added.]

In sum, a Michigan court "has jurisdiction to make an initial child-custody determination" when "a court of the home state of the child has declined to exercise jurisdiction on the grounds that" Michigan "is the more appropriate" forum for the proceeding. MCL 722.1201(1)(c).

Here, the trial court issued a child-custody determination in January 2013, when it granted both Kraus and Gerou joint legal custody. When the parties subsequently sought to change these arrangements, Gerou "commenced"[7] these "proceedings" under the UCCJEA, and asked the trial court to find that it no longer had exclusive, continuing jurisdiction over this case. When Gerou did so, on October 29, 2014, ATK's "home state" was Virginia, because he had lived in Virginia "for at least 6 consecutive months immediately before the commencement of

---

[5] MCL 722.1204 governs when a court has temporary emergency jurisdiction. It is of no relevance to this appeal.

[6] MCL 722.1207 instructs Michigan courts to determine whether the court of a sister state is a more convenient forum in which to litigate the suit, and provides specific factors for the court to make this determination. MCL 722.1208 permits a Michigan court to decline jurisdiction over a child-custody dispute when "a person invoking the court's jurisdiction has engaged in unjustifiable conduct."

[7] "[T]he UCCJEA defines 'commencement' as 'the filing of the first pleading in a proceeding.'" *Fisher*, 269 Mich App at 259, quoting MCL 722.1102(e).

[the] child-custody proceeding." *Foster v Wolkowitz*, 486 Mich 356, 365; 785 NW2d 59 (2010) (emphasis removed). Accordingly, as of October 2014, the courts of Virginia had exclusive jurisdiction to issue an initial custody determination pursuant to the UCCJEA.

However, the Virginia court with the relevant authority concluded that this case should be adjudicated in Michigan. Accordingly, a court of ATK's home state "declined to exercise jurisdiction on the grounds that a [Michigan court] [was] the more appropriate forum to determine the custody of the child." This decision of the Virginia court therefore provided the Washtenaw Circuit Court with jurisdiction under MCL 722.1201(1)(c). Because MCL 722.1201(1)(c) granted the Washtenaw Circuit Court the power to make an initial child-custody determination, the court also had jurisdiction to modify its original child-custody determination—issued in January 2013—despite the fact that it no longer had exclusive jurisdiction under the UCCJEA. MCL 722.1202(3). The Washtenaw Circuit Court thus properly held that it had jurisdiction to modify its original custody order pursuant to the UCCJEA, despite the fact that ATK and his parents no longer reside in Michigan. *Cheesman*, ___ Mich App at ___; slip op at *1-2.

## B. MCL 722.1207

If a Michigan court determines that it has jurisdiction under the UCCJEA, the court may nonetheless "decline to exercise its jurisdiction if it determines that it is an inconvenient forum under MCL 722.1207." *White v Harrison-White*, 280 Mich App 383, 395; 760 NW2d 691 (2008). In relevant part, MCL 722.1207 mandates that:

(1) A court of this state that has jurisdiction under this act to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or the request of another court.

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including all of the following:

(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.

(b) The length of time the child has resided outside this state.

(c) The distance between the court in this state and the court in the state that would assume jurisdiction.

(d) The parties' relative financial circumstances.

(e) An agreement by the parties as to which state should assume jurisdiction.

(f) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.

(h) The familiarity of the court of each state with the facts and issues of the pending litigation.

Here, Gerou says, without providing any legal or factual support, that the trial court abused its discretion when it did not find that Michigan was an inconvenient forum to litigate this suit under MCL 722.1207. The trial court thoroughly considered the factors listed in MCL 722.1207(2), and ultimately decided that Michigan was a convenient forum to litigate the case because: (1) the court was familiar with the details of the case and could thus give the parties a quicker hearing; (2) both parties have the financial resources to continue the proceedings in Michigan; and (3) the court did not believe Virginia would be a more convenient jurisdiction to litigate the case than Michigan, because testimony could be received in Michigan via depositions or video. Gerou has failed to demonstrate that the trial court erred in any way when it made these sensible decisions. Accordingly, the trial court correctly held that Michigan was a convenient forum to litigate the case.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad