# STATE OF MICHIGAN

# COURT OF APPEALS

LUKE NATHANEAL BOWMAN,

        Plaintiff-Appellant,

v

CHELSEY ANN BOWMAN,

        Defendant-Appellee.

UNPUBLISHED
October 10, 2016

No. 331870
Van Buren Circuit Court
LC No. 16-065846-DM

Before: SERVITTO, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the trial court's order denying his motion to return the minor children to Michigan and declining to exercise jurisdiction over an initial child-custody determination pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*. We remand for the trial court to comply with the requirements set forth in MCL 722.1206(2).

Plaintiff and defendant married in 2009. They had two children, born in 2011 and 2013. Their first child was born in Georgia before the parties moved to Michigan in 2012. The parties resided in Michigan until around August 2014 when they moved to Wisconsin. Plaintiff and defendant provided conflicting testimony on how long the parties remained in Wisconsin. Plaintiff testified that he was laid off from his job at the end of June 2015, and the parties moved back to Michigan shortly thereafter, even though their Wisconsin lease continued through October. Plaintiff then obtained a job in Indiana. While he worked in Indiana, defendant and the children remained in Michigan. On the other hand, defendant testified that she and the children resided in Wisconsin until the lease expired in October 2015. After the lease expired, defendant and the children lived with plaintiff's family members in Michigan for approximately one month before the entire family left to visit defendant's family in Georgia for Thanksgiving. After the holiday, plaintiff returned to Indiana, but defendant and the children remained in Georgia, though defendant had not previously intended to stay in Georgia.

On December 11, 2015, defendant filed a complaint regarding custody and a complaint for separate maintenance in a Georgia trial court. Defendant alleged that the Georgia court had jurisdiction over the matter because no other state could claim to be the children's "home state" under the UCCJEA. Defendant requested joint legal and primary physical custody of the children. She alleged that it was in the best interests of the children to reside with her because of

-1-

the "unstable nature" of plaintiff's employment. Finally, defendant alleged that plaintiff had a history of being verbally and emotionally abusive towards her and had engaged in adultery. The Superior Court of Bryan County, Georgia, issued an ex parte order granting defendant temporary custody of the children until further order of the court.

Thereafter, on January 8, 2016, plaintiff filed a complaint for divorce in Michigan. Plaintiff requested that the children be returned to Michigan and that he be granted sole legal and physical custody. The trial court held an evidentiary hearing to consider whether the children should be returned to Michigan and whether Michigan was the proper forum to resolve the custody dispute. After receiving testimony from both parties, the trial court concluded that Georgia was the more appropriate forum to exercise jurisdiction in the initial child-custody determination. Plaintiff then filed an application for leave to appeal, and we granted leave to determine whether the trial court erred in its application of the UCCJEA.

We review de novo whether a court has subject-matter jurisdiction over a particular matter. *Fisher v Belcher*, 269 Mich App 247, 252-253; 713 NW2d 6 (2005). "[E]ven if a court may exercise jurisdiction under the UCCJEA, the decision to do so is within the discretion of the trial court, and [will] not be reversed absent an abuse of that discretion." *Cheesman v Williams*, 311 Mich App 147, 150; 874 NW2d 385 (2015) (citation and quotation marks omitted; second alteration in original). Finally, we apply a " 'clear legal error standard . . . where the trial court errs in its choice, interpretation, or application of the existing law.' " *Cheesman*, 311 Mich App at 151, quoting *Foskett v Foskett*, 247 Mich App 1, 4-5; 634 NW2d 363 (2001).

The UCCJEA "prescribes the powers and duties of [a trial] court in a child-custody proceeding involving this state and a proceeding or party outside of this state." *Fisher*, 269 Mich App at 260. Both Michigan and Georgia had adopted the UCCJEA at the time the dispute arose. *Atchison v Atchison*, 256 Mich App 531, 536; 664 NW2d 249 (2003); *Croft v Croft*, 298 Ga App 303, 305; 680 SE2d 150 (2009).

The trial court, in concluding that Georgia was the more appropriate forum to exercise jurisdiction in this matter, first looked to MCL 722.1201, which governs jurisdiction over initial child-custody determinations. Doing so was erroneous. Before a Michigan court makes an initial custody determination, it must first be determined "whether an out-of-state child custody proceeding has already commenced." *Fisher*, 269 Mich App at 253-254. Because defendant undisputedly filed her complaint in the Georgia court first, a child-custody proceeding had already commenced at the time plaintiff filed the instant action. As a result, the trial court should have first looked to MCL 722.1206, which governs simultaneous child-custody proceedings and states, in relevant part, as follows:

> (1) Except as otherwise provided in [MCL 722.1204[1]], a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court of

---

[1] MCL 722.1204 governs situations where a trial court has temporary emergency jurisdiction, and it is not relevant to this appeal.

another state having jurisdiction substantially in conformity with this act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under [MCL 722.1207].

(2) Except as otherwise provided in [MCL 722.1204], before hearing a child-custody proceeding, a court of this state shall examine the court documents and other information supplied by the parties as required by [MCL 722.1209]. If the court determines that, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this act, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the child-custody proceeding.

Pursuant to MCL 722.1206(1), because a child-custody proceeding had already commenced in Georgia, the next inquiry is whether Georgia had "jurisdiction substantially in conformity with" the UCCJEA. Whether a state has jurisdiction to make an initial child-custody determination is governed by MCL 722.1201. See MCL 722.1201(2) (indicating that section 201 of the UCCJEA is the "exclusive jurisdictional basis for making a child-custody determination by a court of this state"); Ga Code Ann § 19-9-61(b) (identical provision to MCL 722.1201(2)). MCL 722.1201 states, in relevant part, the following:

(1) Except as otherwise provided in [MCL 722.1204], a court of this state has jurisdiction to make an initial child-custody determination only in the following situations:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under [MCL 722.1207] or [MCL 722.1208], and the court finds both of the following:

(*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

"Home state" means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding. MCL 722.1102(g). Georgia was not the children's "home state," and the children had not resided in Georgia within six months before commencement of this proceeding.

-3-

See MCL 722.1201(1)(a). Accordingly, MCL 722.1201(1)(b) governs whether Georgia could exercise jurisdiction in this matter.

To establish jurisdiction under MCL 722.1201(1)(b), a court of another state may not have jurisdiction under MCL 722.1201(1)(a), that is, the children must not have a "home state" elsewhere. The trial court properly determined based on the evidence presented that the children did not have a home state. Furthermore, although Wisconsin had arguably been the children's home state within six months of the commencement of this action, neither of the parties continued to live in Wisconsin in order for it to have jurisdiction pursuant to MCL 722.1201(1)(a).[2]

Given that no other state had jurisdiction pursuant to that subsection, MCL 722.1201(1)(b) directs a court to find whether "[t]he child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with [the] state other than mere physical presence" *and* whether "[s]ubstantial evidence is available in [the] state concerning the child's care, protection, training, and personal relationships." MCL 722.1201(1)(b)(*i*) and (*ii*). The parties dispute whether Georgia had jurisdiction over the matter on this basis. We agree with the trial court that it did.

The term "significant connection" was discussed in *White v Harrison-White*, 280 Mich App 383, 394; 760 NW2d 691 (2008). Notably, as plaintiff recognizes, *White* concerned MCL 722.1202, which governs the exercise of exclusive, continuing jurisdiction, as opposed to MCL 722.1201, which governs initial child-custody determinations. Although both provisions require a child and at least one parent to have a "significant connection" to the state, MCL 722.1201(1)(b)(*i*) adds that mere physical presence in the state is not enough. We disagree with plaintiff that *White* is not controlling here because of this additional statutory language. *White* provides guidance, as it examined the plain language of the UCCJEA and concluded that a state has jurisdiction over a child-custody determination where "the child and at least one parent have an important or meaningful relationship to the state."[3] *White*, 280 Mich App at 390. Thus, in the context of MCL 722.1201(1)(b)(*i*), a child and at least one parent must have an "important and meaningful relationship to the state" that is based on more than mere physical presence. See *id.*

The evidence established that defendant and the children had a significant connection to Georgia. The parties' eldest child was born in Georgia, and the parties lived there for approximately 10 months in the year of his birth. The children and defendant then returned to

---

[2] Interestingly, the trial court maintained jurisdiction over the parties' divorce proceeding, despite testimony that plaintiff had not resided in Van Buren County for the required statutory period or, arguably, the State of Michigan for the necessary period. The trial court thus bifurcated the divorce and child custody issues.

[3] In *White*, this Court determined that a "significant connection" for purposes of establishing exclusive, continuing jurisdiction "exists where one parent resides in the state, maintains a meaningful relationship with the child, and, in maintaining the relationship, exercises parenting time in the state." *White*, 280 Mich App at 394.

Georgia in November of 2015, where they remained. The evidence established that defendant was born and raised in Georgia, that defendant's immediate family lived in Georgia, and that the children had visited the state with defendant to see defendant's family at least once a year before they moved back to Georgia. According to defendant, the visits often lasted a month or more. The children and defendant were also attending church in Georgia, and the older child was enrolled in preschool. Defendant further testified that she is and has been the children's primary care-giver. This testimony was sufficient to allow the trial court to find that there was a significant connection to Georgia.[4]

Additionally, MCL 722.1201(1)(b)(*ii*) requires that "[s]ubstantial evidence" be "available in [the] state concerning the child's care, protection, training, and personal relationships." Although the trial court failed to address this subsection in its opinion, any error in failing to do so was harmless. See MCR 2.613(A). Defendant's family members lived in Georgia and were presumably available to testify. Evidence of the older child's schooling would also be available there. Finally, plaintiff makes no legitimate claim as to why testimony from his family could not be received in Georgia via depositions or video, just as defendant's testimony for purposes of the hearing was taken by telephone. Therefore, because the children and defendant had a significant connection with Georgia other than mere physical presence and substantial evidence regarding the children's well-being was available in Georgia, the trial court did not err by finding that Georgia could exercise jurisdiction under the UCCJEA. Moreover, Georgia's jurisdiction need only have been *substantially* in conformity with the UCCJEA, not completely such that even if the compliance were not perfect, compliance was substantial enough to find that the trial court did not err.

Turning back to MCL 722.1206(1), because Georgia had "jurisdiction substantially in conformity with" the UCCJEA, the Michigan trial court was not permitted to exercise jurisdiction over the matter "*unless* the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under [MCL 722.1207]." MCL 722.1206(1). There is no record evidence that the Georgia court made a finding pursuant to MCL 722.1207 that Michigan was a more convenient forum for the child-custody proceeding or that the Georgia court terminated the proceeding filed by defendant. Accordingly, it was proper for the trial court to decline to exercise jurisdiction in this case.

However, the trial court erred by failing to comply with MCL 722.1206(2). MCL 722.1206(2) requires the trial court to "stay its proceeding and communicate with the court of the other state" if it "determines that, at the time of the commencement of the proceeding, a child-

---

[4] We do not dispute that plaintiff's testimony established that there was also a significant connection to Michigan. However, not only are matters of credibility left to the finder of fact (See, e.g., *People v Passage,* 277 Mich App 175, 177; 743 NW2d 746 (2007)), because a child custody proceeding had already been initiated in Georgia, the relevant initial inquiry for our purposes is whether *Georgia* had "jurisdiction substantially in conformity with" the UCCJEA pursuant to MCL 722.1206(1).

custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this act." The trial court refused to communicate with the Georgia court regarding jurisdiction, contrary to the UCCJEA. We, therefore, remand for the trial court to comply with the requirement of MCL 722.1206(2) that it communicate with the Georgia court. MCL 722.1206(2) further provides that, *after* communicating with the other court, the Michigan court shall dismiss the child-custody proceeding "[i]f the court of the state having jurisdiction substantially in accordance with this act does not determine that the court of this state is a more appropriate forum." Accordingly, if, after communication between the two courts, the Georgia court does not determine that Michigan is a more appropriate forum to resolve the child-custody dispute, the trial court shall dismiss this case.[5]

This matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher

---

[5] The parties also present arguments regarding MCL 722.1207 (inconvenient forum) and MCL 722.1208 (unjustifiable conduct by a party establishing jurisdiction). We need not address these arguments because remand is necessary for the trial court to comply with MCL 722.1206 before these issues may be addressed. We note, however, that the trial court raised the issue of inconvenient forum sua sponte in its written opinion. The trial court erred by not allowing the parties to submit information regarding the relevant factors as required by MCL 722.1207(2). Additionally, with respect to MCL 722.1208, that provision only allows a trial court "of this state" to decline to exercise jurisdiction if the person invoking jurisdiction engaged in unjustifiable conduct. MCL 722.1208(1). The statute does not allow a Michigan court to determine that another state may not exercise jurisdiction because of a party's conduct. The proper forum in which to make such a claim is in Georgia.