# STATE OF MICHIGAN

# COURT OF APPEALS

TEREES WILLIAMS,

Plaintiff-Appellant,

v

JERVISS-FETHKE INSURANCE AGENCY,

Defendant-Appellee.

UNPUBLISHED
February 23, 2017

No. 330378
Muskegon Circuit Court
LC No. 13-049185-CK

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order vacating its previous order granting plaintiff's motion for installment payments. We affirm.

This case arises from case evaluation sanctions ordered against plaintiff. After plaintiff unsuccessfully attempted to litigate a negligence claim against defendant, the trial court ordered plaintiff to pay case evaluation sanctions in the amount of $14,041.70. After plaintiff repeatedly failed to attend a creditor's examination, defendant requested a garnishment of plaintiff's wages, and a writ of garnishment was entered on May 26, 2015. On June 23, 2015, plaintiff filed a motion and affidavit for installment payments, which the trial court denied on July 14, 2015. Plaintiff filed a second motion for installment payments on July 27, 2015, which the trial court denied on August 13, 2015, because plaintiff had transferred some of her rental properties for no consideration after the trial court entered its judgment for sanctions.

On September 4, 2015, plaintiff submitted a third motion and affidavit for installment payments. On September 18, 2015, plaintiff submitted an order to the court clerk for a judgment on this motion. On September 21, the trial court, under Judge Marietti, granted plaintiff's motion. The same motion was later denied on September 28, 2014, by Judge Hicks, who had presided over all other aspects of plaintiff's case up to that point. On October 2, 2015, Judge Hicks vacated the September 21, 2015 order regarding plaintiff's motion for installment payments because that the order was issued in error.

On appeal, plaintiff's sole argument is that the trial court erred by vacating the September 21, 2015 order. We disagree. "This Court reviews for an abuse of discretion a trial court's decision to grant relief from an order." *Fisher v Belcher*, 269 Mich App 247, 262; 713 NW2d 6 (2005). "An abuse of discretion occurs when the trial court's decision is outside the range of

reasonable and principled outcomes." *Ronnisch Constr Group, Inc v Lofts on the Nine*, LLC, 499 Mich 544, 552; 886 NW2d 113 (2016).

Under MCR 2.612(C)(1)(a), a trial court may grant a party relief from judgment on the grounds of "[m]istake, inadvertence, surprise, or excusable neglect." A "mistake" under MCR 2.612(C)(1)(a) "may be a mistake of the trial court." *Altman v Nelson*, 197 Mich App 467, 477; 495 NW2d 826 (1992).

Here, in vacating the September 21, 2015 order, the trial court noted that when plaintiff's motion was granted, it was technically still pending before Judge Hicks and had been neither granted nor denied. The trial court also noted that its error in granting plaintiff's motion was a result of plaintiff's filing a motion with the clerk's office during Judge Hicks's absence. Further, when the trial court denied this same motion on September 28, 2015, the trial court noted that plaintiff failed to present any new evidence to the trial court. Thus, it appears that the trial court's grant of plaintiff's motion was inadvertent and a mistake because the court intended for the motion to be denied. Accordingly, the trial court did not abuse its discretion by vacating its previous order under MCR 2.612(C)(1)(a).

To the extent that plaintiff argues that the trial court abused its discretion because the order was properly entered under MCR 3.104(B), her argument is without merit. Under MCR 3.104(B), the trial court may grant a motion for installment payments if no objections are filed within 14 days. Plaintiff correctly asserts that the trial court's grant of her motion was not error under MCR 3.104(B). However, plaintiff's argument does not address the trial court's mistake in that it intended to deny her motion but erroneously granted it during Judge Hicks's absence when the motion had yet to be either granted or denied. Moreover, plaintiff does not argue that the trial court abused its discretion by vacating the order under MCR 2.612(C)(1)(a) because the order was entered inadvertently and by mistake.

We affirm. As the prevailing party defendant may tax costs pursuant to MCR 7.219.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly