*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT JOSEPH PADO, also known as
VINCENT ROBERT ROCX,

Defendant-Appellant.

UNPUBLISHED
April 11, 2019

No. 342883
Clinton Circuit Court
LC No. 2017-009935-FH

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant, Robert Pado, appeals his jury-trial conviction of operating a vehicle while intoxicated, third offense (OWI-III), MCL 257.625(1); MCL 257.625(9)(c). The trial court sentenced Pado as a second-offense habitual offender, MCL 769.10, to a term of 13 to 90 months' imprisonment. Pado alleges that the trial court deprived him of his rights to due process and to present a defense when it dispensed with oral argument before denying his motion to dismiss or, in the alternative, to suppress evidence. We affirm.

A police officer stopped Pado for driving his pickup truck southbound in the northbound lane of a divided highway in Clinton County. When the officer approached the truck, he saw an open, half-empty bottle of whiskey in the driver's side of the truck. According to the officer, he "smelled an overwhelming odor of intoxicants" coming from Pado and his vehicle. Pado said he had been "deejaying" at an event and that he drank two beers. He explained that he was on the wrong side of the road because he was unfamiliar with the area and had realized his mistake just before the officer stopped him.

The officer asked Pado to perform a series of field sobriety tests. The officer detected nystagmus, an involuntary twitching of the eyes that can be a sign of intoxication, in both of Pado's eyes. Pado also failed a counting evaluation. Following the field sobriety tests, the officer arrested Pado and drove him to jail where Pado provided two breath samples for the breathalyzer test. The first sample indicated a blood alcohol content (BAC) of 0.15 percent and

the second sample was "technically refused" because Pado did not provide a steady breath. Pado was charged with operating a vehicle while intoxicated.

At the final pretrial conference nine days before the trial, defense counsel informed the trial court that he planned to file motions that could be dispositive or would result in the suppression of the breathalyzer test results. The trial court instructed him to file the motions no later than five days before the trial and indicated that it would consider them on the day of the trial. Defense counsel filed a motion to dismiss alleging the officer lacked probable cause to arrest Pado. Further, defense counsel argued Pado's breathalyzer results should have been suppressed due to the improper administration of the breath test. The morning of trial, the trial court considered and denied the motion without allowing oral argument, pursuant to MCR 2.119(E)(3).[1] The trial court concluded that procedurally, relying on *People v Ferguson*, 376 Mich 90, 93; 135 NW2d 357 (1965), "questions concerning the illegality of the acquisition of evidence ought not be left for trial." Substantively, the trial court determined that, "even accepting the facts as alleged," it was "satisfied there was no question the arrest here was lawful." During the trial, defense counsel cross-examined the certified operator of the breathalyzer regarding the maintenance and accuracy of the test. He also questioned the arresting officer who administered the test about whether he had observed Pado for the appropriate length of time to allow the test to produce accurate results. After the close of evidence, defense counsel renewed his motion to suppress the breathalyzer evidence and the trial court denied it. The jury found Pado guilty.

Pado's sole argument on appeal is that the trial court's decision to dispense with oral argument and rely only the parties' briefing to make its ruling violated his constitutional rights to due process and to present a defense. We disagree.

We review de novo whether a defendant was denied due process of law. *People v Francisco*, 474 Mich 82, 86; 711 NW2d 44 (2006). This Court reviews a decision to omit or limit oral argument for an abuse of discretion. *Fisher v Belcher*, 269 Mich App 247, 252; 713 NW2d 6 (2005). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217, 259; 749 NW2d 272 (2008).

The Due Process Clause of the Fourteenth Amendment "require[s] that criminal defendants be afforded a meaningful opportunity to present a complete defense." *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006) (quotation marks and citation omitted). The right to present a defense encompasses "[t]he right to offer the testimony of witnesses," *Washington v Texas*, 388 US 14, 19; 87 S Ct 1920; 18 L Ed 2d 1019 (1967), as well as defense counsel's ability "to argue a reasonable inference from evidence adduced at trial," *People v*

---

[1] This court rule provides: "A court may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to a motion." MCR 2.119(E)(3).

*Stokes*, 312 Mich App 181, 207; 877 NW2d 752 (2015), vacated in part on other grounds 501 Mich 918 (2017). The right to present a defense further protects a defendant's ability to "put before a jury evidence that might influence the determination of guilt," and to have access to exculpatory evidence. *Anstey*, 476 Mich at 460.

Pado's claim lacks merit because he had a full opportunity to brief the issue and have his arguments considered by the trial court. First, the trial court reviewed Pado's motion and brief in support and ruled on it before the trial. Second, defense counsel engaged in lengthy cross-examination of the certified operator of the breathalyzer and of the arresting officer about the test and whether the officer observed Pado for the appropriate length of time before administering the test. Finally, at the close of evidence Pado renewed his motion, and the trial court again denied it. The trial court did not violate Pado's constitutional right to due process.

Moreover, MCR 2.119(E)(3) provides that "[a] court may, in its discretion, dispense with or limit oral arguments on motions," and Pado raises no argument that the trial court abused its discretion in doing so. Indeed, no abuse of discretion occurred under the circumstances of this case. Although a trial court may abuse its discretion in limiting argument under MCR 2.119(E)(3) when a party is not afforded an adequate opportunity to present an argument by brief or oral argument, see *People v Leonard*, 224 Mich App 569, 578-579; 569 NW2d 663 (1997), this Court has repeatedly concluded that there is no abuse of discretion when the trial court dispenses with oral arguments after the parties have fully briefed the issues. See *Fast Air, Inc v Knight*, 235 Mich App 541, 550; 599 NW2d 489 (1999) (concluding that there was "no abuse of discretion . . . where the trial court was fully apprised of the parties' positions, by way of the parties' briefs, before rendering a decision"); *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000) ("Because, as the trial court noted, the parties had thoroughly briefed the issues, we cannot find that the court abused its discretion in dispensing with oral argument.").

The trial court did not abuse its discretion when it ruled without hearing oral argument because Pado submitted a brief in support of his motion and the trial court reviewed the briefing and ruled accordingly. See *Fast Air, Inc*, 235 Mich App at 550; *American Transmission, Inc*, 239 Mich App at 709. Unlike *Leonard*, 224 Mich App at 579, this case does not involve an especially complex issue requiring a lengthy brief. Although Pado further argues that "[t]he problem is the record is far too scant to be adequate for appellate review," he does not explain how the lack of oral argument resulted in prejudice to his appeal. See *Westland v Kodlowski*, 298 Mich App 647, 662; 828 NW2d 67 (2012), rev'd in part on other grounds 495 Mich 871 (2013) (holding that "the inability to present oral argument is not a significant detriment to success on appeal").

Pado does not raise any argument concerning the trial court's substantive ruling with respect to his motion to dismiss or suppress evidence. Instead, he merely argues that "[i]f the judge [had] granted the motion and suppressed the breathalyzer evidence it would be outcome determinative," and that he "thus can show the necessary prejudice." However, the overwhelming evidence of Pado's guilt, including driving on the wrong side of a divided highway, smelling of alcohol, his admission of drinking alcohol before driving, and having an open alcohol container in his truck, demonstrates that any error in admitting the breathalyzer

results was harmless. See *People v Mateo*, 453 Mich 203, 214; 551 NW2d 891 (1996) (concluding that "for some types of error, such as the erroneous admission . . . of evidence, overwhelming evidence of guilt will ordinarily lead to the conclusion that the error was harmless").

Affirmed.


/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron